JOURNAL ENTRY AND OPINION
In these consolidated appeals,[1] defendant Sean Mickey appeals from his convictions for escape in violation of R.C. 2921.34, a failure to provide the Cuyahoga County Sheriff of a change of address pursuant to R.C. 2950.05, all of which stem from a previous conviction in case no. 344514. For the reasons set forth below, we reverse the convictions for escape, and we affirm the conviction for failing to report a change of address but vacate the sentence and remand for resentencing as to this conviction.
In October 1996, defendant was indicted in case no. 344514 pursuant to a seven count indictment for carrying a concealed weapon, corruption of a minor, gross sexual imposition, kidnapping, aggravated arson, assault on a police officer, and felonious assault with police officer specifications. On March 5, 1997, defendant entered guilty pleas to corruption of a minor, aggravated arson, and felonious assault and the remaining charges were dismissed. The trial court sentenced him to eight months incarceration for corruption of a minor, and two years incarceration on the remaining charges. All of the terms were ordered to be served concurrently. The journal entry of the sentence in case no. 344514 which was an exhibit in this matter does not provide for post-release control or any extensions provided by law.
Defendant was determined to be a sexually oriented offender. He was released from prison in late 1998.
Thereafter, and with regard to the instant offenses, defendant was subsequently charged in case no. 379360 with failure to provide his change of address to the Cuyahoga County Sheriff pursuant to the requirements of R.C. 2950.05. He was also charged in case no. 379539 for escape for failing to comply with the terms of post-release control in March 1999. Defendant was again charged with escape in case no. 383599 and for failing to comply with the terms of post-release control in April 1999.
Following a trial to the court, defendant was convicted of all three charges in the separate matters. The trial court sentenced him to twelve months incarceration for failing to report his change of address and to concurrent two year terms on the escape charges. He now appeals and assigns eight errors for our review. For the sake of convenience, we shall address the assignments of error out of their predesignated order.
Defendant's fourth and seventh assignments of error are interrelated and state:
 MR. MICKEY'S CONVICTIONS ARE IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AS GUARANTEED BY ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE COURT DETERMINED THAT DEFENDANT'S TITLE AS A SEXUALLY ORIENTED OFFENDER PERMITTED THE COURT TO TREAT HIM AS A HABITUAL SEXUAL OFFENDER OR SEXUAL PREDATOR WITHOUT GRANTING A HEARING PURSUANT TO R.C. 2950.09(B)(1) AND (C)(2), IN VIOLATION OF R.C. 2950.10(E), WHICH STATES THAT THE SEX OFFENDER SHALL NOT BE SUBJECT TO COMMUNITY NOTIFICATION PROVISIONS IF THE COURT DOES NOT HOLD A SEXUAL PREDATOR HEARING PRIOR TO SENTENCING.
 THE COURT COMMITTED PLAIN ERROR IN PERMITTING THE STATE TO PROSECUTE APPELLANT FOR FAILURE TO REPORT A CHANGE OF ADDRESS WHERE THE PLAIN LANGUAGE OF R.C. 2950.09
SPECIFICALLY DISALLOWS SUCH COMMUNITY NOTIFICATION REQUIREMENTS BE IMPOSED UNLESS A HEARING IS GRANTED TO DETERMINE WHETHER THE SAME SHOULD BE IMPOSED, AND AT NO TIME DID THE SENTENCING COURT MAKE THESE FINDINGS IN THE PREVIOUS CASE FOR CORRUPTION OF A MINOR.
Within these assignments of error, defendant complains that he was designated a sexually oriented offender as a matter of law and subject to the reporting requirements attendant thereto. Defendant insists that the trial court must hold a hearing in order to determine whether an offender is a sexually oriented offender. We disagree.
Pursuant to R.C. 2950.01(D), a sexually oriented offender is a person who has committed a "sexually oriented offense" as defined in R.C.2950.01(D), and does not meet the definition of either a habitual sex offender or sexual predator. R.C. 2950.01(D)(2)(a) expressly states that corruption of a minor, in violation of R.C. 2907.04 constitutes a "sexually oriented offense" when the victim of the offense was under eighteen years of age.
R.C. 2950.04(A)(1) provides:
 (A) Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense and who is described in division (A)(1), (2), or (3) of this section shall register with the sheriff of the following applicable described county and at the following time:
 (1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and if, on or after July 1, 1997, the offender is released in any manner from the prison term, term of imprisonment, or confinement, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.
R.C. 2950.05(A) in turn mandates that sexually oriented offenders provide notice of a new address to the sheriff with whom he has most recently registered, at least seven days prior to a change of address.
As this court observed in State v. Hanley (Aug. 16, 1999), Cuyahoga App. No. 74323, unreported:
 It is undisputed that appellant having previously been convicted of multiple counts of gross sexual imposition committed a sexually oriented offense. Thus, appellant is a sexually oriented offender as defined by R.C. 2950.01(D). By operation of law, appellant is a sexually oriented offender subject to the registration and reporting requirements upon his release from prison.
 In similar cases, this court has affirmed findings of "sexually oriented offender" in State v. Anderson, 1999 Ohio App. LEXIS 527 (Feb. 18, 1999), Cuyahoga App. No. 73817, unreported and State v. Czajka, 1999 Ohio App. LEXIS 529 (Feb. 18, 1999), Cuyahoga App. No. 72797, unreported; and State v. Thomas, 1999 Ohio App. LEXIS 3382 (July 22, 1999) Cuyahoga App. No. 74505, unreported.
 In State v. Sturgeon, 1998 Ohio App. LEXIS 5425 (Nov. 13, 1998), Hamilton App. No. C-970751, unreported, the court of appeals reversed the trial court's finding that Sturgeon was a sexual predator, but went on to say in dicta that "`sexually oriented offender' is a status that arises by operation of law * * * [thus] under the newly enacted R.C. 2950.04(A)(1) regardless of when the sexually oriented offense was committed, if the sexually oriented offender is released after July 1, 1997, such person is obligated to register within seven days."
Similarly, in State v. Cook (1999), 83 Ohio St.3d 404, the Supreme Court concluded that the registration and verification provisions are remedial in nature and, therefore, are not part of the sentence. Id.; State v. Scott (Dec. 7, 2000), Cuyahoga App. No. 77151, unreported.
In accordance with the foregoing, the status of sexually oriented offender attached by operation of law. A hearing was not required. These assignments of error are without merit.
Defendant's first assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PERMITTED THE MATTER OF APPELLANT'S ESCAPE CHARGES TO BE HEARD IN VIEW OF THE AUTOMATIC STAY ON ESCAPE STATUTES BASED ON THE COURT'S ASSERTION THAT DEFENDANT MUST BE INCARCERATED UNTIL THE CONSTITUTIONALITY OF THE SAME.
Within this assignment of error, defendant asserts that the trial court erred in determining that he had to remain incarcerated prior to trial and in proceeding with the escape charges while the matter of the constitutionality of post-release control, and hence the legality of a charge for failing to comply with the terms of post-release control was still pending before the Supreme Court.
As an initial matter, we note that defendant was indicted for failing to report a change of address pursuant to R.C. 2950.05, in addition to the escape charges. There is therefore no basis in the record for defendant's assertion that he was held solely on the escape charges. Further, the record clearly reflects that defendant consented to the trial court proceeding with the trial of the escape charges since it was unclear when the constitutionality of the post-release control statute would finally be determined. (Tr. 8-9). This assignment of error therefore lacks support in the record and is overruled. L.A.D. v. Bd. Of Commrs. (1981), 67 Ohio St.2d 384, 388.
Defendant's fifth assignment of error states:
 THE TRIAL COURT ERRED WHEN IT FOUND THAT DEFENDANT WAS OBLIGATED TO BE UNDER THE JURISDICTION OF THE PAROLE BOARD WHEN HE HAD FULFILLED HIS PREVIOUS SENTENCE AND THEREFORE WAS NOT CAPABLE OF HAVING ESCAPED, WHERE DEFENDANT WAS NEVER NOTIFIED THAT HE WOULD BE SUBJECT OF POST-RELEASE CONTROL ON HIS PRIOR OFFENSE [CASE NO. 344515] AND THE PAROLE BOARD MADE THIS DETERMINATION WITHOUT THE AUTHORITY OF THE SENTENCING COURT.
Defendant next asserts that, in the disposition of case no. 344514, from which the instant offenses emanate, he was not sufficiently notified that he would be subject to post-release control following his release from prison.
R.C. 2929.19(B) (3) provides in relevant part as follows:
 (3) Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
* * *
 (c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense as defined in section 2967.28 of the Revised Code, or for a felony of the third degree in the commission of which the offender caused or threatened to cause physical harm to a person;
 (e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B) (3) (c) * * * of this section, and if the offender violates that supervision, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.
In Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph two of the syllabus, the Supreme Court stated:
 Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the sentence.
In State v. Scott (Dec. 7, 2000), Cuyahoga App. No. 77151, unreported, this Court stated:
 This court has previously reversed the sentences imposed on criminal defendants and remanded for resentencing where the court failed to notify defendants who have been sentenced to a prison term of the potential for administratively imposed prison time and the potential sanctions for violation of post release control terms.
 See, e.g., State v. Davis, 1998 Ohio App. LEXIS 2741 (June 18, 1998), Cuyahoga App. No. 72820, unreported; State v. Hayley, 1999 Ohio App. LEXIS 5679 (Dec. 2, 1999), Cuyahoga App. No. 74718, unreported. In these cases, the state has agreed that the sentence should be reversed and remanded, so the appropriateness of this remedy was not discussed. The supreme court has recently clarified that post-release control is part of the offender's sentence, about which the offender must be advised at sentencing. Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103, paragraph two of the syllabus.
We further note that R.C. 2967.28(B) provides in relevant part as follows:
 Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment.
In State v. Hyde (Jan. 11, 2001), Cuyahoga App. No. 77592, unreported, this Court stated:
 A judge "must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence. (Emphasis added.)" Id. at paragraph two of the syllabus. In addition, a judgment of conviction must set forth the plea, the verdict or findings, and the sentence. Crim.R. 32 (C).
 "A judgment of conviction is effective only when entered on the journal by the clerk." Id.
 While post-release control is mandatory when an accused is convicted of aggravated vehicular homicide, it apparently was not discussed during plea negotiations and was not discussed on the record during the course of Hyde's plea or sentencing. In addition, the judgment of conviction does not contain any reference to post-release control as required by R.C. 2967.28(B) (3). Because a court speaks through its journal and neither the sentencing hearing transcript nor the judgment of conviction contains a sentence of post-release control, Hyde is not subject to post-release control. See State v. Rogers (Dec. 19, 1991), Cuyahoga App. No. 59651, unreported.
Here, defendant was convicted of corruption of a minor, aggravated arson and felonious assault in case no. 344514. Therefore R.C. 2967.28(B) requires the imposition of mandatory terms of post-release three year, five year, and three year term of post-release control, respectively as part of a sentence.
In this instance, the supplemental record of defendant's guilty plea in case no. 344514 (provided by the state) reveals that at the time of defendant's guilty plea, the trial court informed defendant of the possibility of post-release control for each offense. Thus, the trial court informed defendant of post-release control and possible sanctions during the plea proceedings in compliance with the mandates of R.C.2929.19(B)(3), and Woods, supra.
Nonetheless, there is no indication that the sentence journalized in case no. 344514 made any provision for post-release control. There is no indication that post-release control was part of defendant's sentence. The convictions for escape are therefore reversed.
Defendant's second and sixth assignments of error are interrelated and state:
 THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES FOR ALLIED OFFENSES IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE U.S. CONSTITUTION, WHEN IT REFUSED TO MERGE THE TWO CONVICTIONS FOR ESCAPE AND FAILURE TO REPORT. MR. MICKEY WAS DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN COUNSEL FAILED TO RAISE THE ISSUE THAT THE BASIS FOR THE THREE CONVICTIONS IN FACT WERE ALL ONE ACT AND THAT THE THREE SEPARATE OFFENSES SHOULD HAVE BEEN JOINED AS * * * ONE CRIME.
Here, defendant asserts that all of the offenses are allied offenses of similar import. Because this court has reversed the escape convictions, and defendant is therefore convicted of a single offense herein, this assignment of error is moot.
Defendant's third assignment of error states:
 MR. MICKEY'S RIGHTS UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN THE COURT DENIED THE RULE 29 MOTIONS TO DISMISS.
Within this assignment of error, defendant maintains that the trial court erred in failing to dismiss the charges against him for lack of evidence.
Pursuant to Crim.R. 29(A), a judge "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." "[A] a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus; accord State v. Cantin (1999),132 Ohio App.3d 808, 811. When considering whether such evidence is sufficient, a judge views the evidence in a light most favorable to the prosecution. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
The elements of failing to report a change of address in violation of R.C. 2950.04 include simply the act of failing to register; scienter is not required. State v. Cook (1998), 83 Ohio St.3d 404, 419-420.
In this instance, the state demonstrated that defendant initially complied with his reporting requirements pursuant to R.C. 2950.04 and the terms of post-release control. Thereafter, he did not notify the sheriff's department of a subsequent change of address and failed to meet scheduled appointments with his post-release control parole officer. A reasonable trier of fact could conclude that defendant violated R.C.2950.05.
This assignment of error is without merit.
Defendant's eighth assignment of error states:
 THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE WHEN THE RECORD DID NOT AFFIRMATIVELY SUPPORT THE MAXIMUM AND THE TRIAL COURT DID NOT FIND AND GIVE REASONS FOR FINDING THAT APPELLANT WAS A MAJOR DRUG OFFENDER OR REPEAT VIOLENT OFFENDER OF EITHER COMMITTED THE WORST FORM OF THE OFFENSE OR POSED THE GREATEST LIKELIHOOD FOR COMMITTING FUTURE CRIMES.
Here, defendant asserts that the trial court erred in sentencing him to the maximum terms of incarceration.
R.C. 2929.14(C) provides that the sentencing judge may "impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders and upon certain repeat violent offenders." In addition, R.C.2929.19(B)(2)(e) requires the sentencing judge to "make a finding that gives [the] reasons for selecting the sentence imposed * * * if the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree * * *[.]" This section requires the judge not only to make the applicable finding but to provide for the record the reasons for making the finding. See State v. Edmonson (1999), 86 Ohio St.3d 324, 326. We have interpreted Edmonson to require the sentencing judge to provide for the record both a "category finding" under R.C. 2929.14(C) and the reasons for that "category finding." e.g., State v. Berry (Mar. 9, 2000), Cuyahoga App. Nos. 75470 and 75471, unreported. The failure to provide such information is reversible error requiring re-sentencing. Id.
With regard to defendant's conviction for failing to report a change of address, he did receive the longest term, R.C. 2929.14(A)(5), and the requisite findings were not made. The sentence must therefore be vacated and the matter remanded for resentencing.
It is ordered that appellee and appellant share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________ ANN DYKE, J.
[1] This matter addresses defendant's appeals from case nos. 379360, 379539, and 383599, all of which stem from his original conviction in case no. 344514.