[Cite as *Buckeye Lake Firebells v. Leindecker*, 2011-Ohio-1792.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| BUCKEYE LAKE FIREBELLS, ET AL | : | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-100 |
| RENEE LEINDECKER AND<br>RICHARD "PETE" LEINDECKER, JR. | : |  |
|  | : | O P I N I O N |
| Defendant-Appellant | : |  |


CHARACTER OF PROCEEDING:       Civil appeal from the Licking County Court
                               of Common Pleas, Case No. 2009CV1569

JUDGMENT:                      Affirmed in part, reversed in part and
                               remanded


DATE OF JUDGMENT ENTRY:        April 13, 2011


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellants

ROBERT W. SUHR                          CHARLES E. TAYLOR
755 South High Street                   Box 1730
Columbus, OH  43206                     Buckeye Lake, OH  43008

*Gwin, P.J.*

{¶1} Defendants-appellants Renee and Richard Leindecker appeal a summary judgment of the Court of Common Pleas of Licking County, Ohio, entered in favor of plaintiff-appellees Buckeye Lake Firebells, Trent Colley and Travis Colley. Appellants assign five errors to the trial court:

{¶2} "I. THE PURPORTED AFFIDAVIT UPON WHICH THE SUMMARY JUDGMENT WAS GRANTED AGAINST DEFENDANT RENEE LEINDECKER IS NOT EVIDENCE AS IT DOES CONTAIN THE MANDATORY CERTIFICATION REQUIREMENTS OF R.C. 147.04 AND OHIO RULES OF EVIDENCE RULE 902 (8).

{¶3} "II. THE ONE PARAGRAPH OF THE PURPORTED AFFIDAVIT UPON WHICH DAMAGES IN THE AMOUNT OF $2,240.00 (TWO THOUSAND TWO HUNDRED FORTY DOLLARS AND 00/100 CENTS) WAS GRANTED AGAINST DEFENDANT RENEE LEINDECKER DOES NOT CONTAIN NOR HAVE ATTACHED TO AND SERVED WITH THE AFFIDAVIT SWORN OR CERTIFIED COPIES OF ALL PAPERS OR PARTS OF PAPERS REFERRED TO IN THE PURPORTED AFFIDAVIT AS REQUIRED BY OHIO CIV. R. 56 (E).

{¶4} "III. SUMMARY JUDGMENT IN THE AMOUNT OF $2,240.00 COULD NOT BE ENTERED BECAUSE THE PURPORTED AFFIDAVIT ITSELF SET FORTH THE DEFENSE OF THE DEFENDANT RENEE LEINDECKER WHO DENIED AND DISPUTED SUCH FACT IN THE PURPORTED AFFIDAVIT THAT PROVIDED: AT THIS POINT, JESSICA COLLEY INSISTED ON A RECOUNT OF THE MONEY. THE COUNT REVEALED THAT ONLY $1,760.00 WAS IN THE BOX, A LOST OF $540.00. AT THIS TIME RENEE LEINDECKER'S DAUGHTER STATED: 'MOM WE TOOK IT

OUT OF THE BOX AND COUNTED IT TWICE AT HOME, AND WE HAD $2,300.00.' RENEE SAID: 'NO WE DID NOT; ASHLEY BE QUIET'.

{¶5} "IV. TO THE EXTENT THAT JUDGMENT WAS GRANTED IN EXCESS OF $540.00 NO SWORN OR CERTIFIED COPIES OF THE BUSINESS RECORDS WERE FILED AS REQUIRED BY OHIO CIV. R. 56.

{¶6} "V. TO THE EXTENT THAT JUDGMENT WAS GRANTED AGAINST THE DEFENDANT RICHARD "PETE" LEINDECKER NO SWORN OR CERTIFIED COPIES OF THE BUSINESS RECORDS WERE FILED AS REQUIRED BY OHIO CIV. R. 56."

{¶7} The record indicates Buckeye Lake Firebells, hereinafter referred to as "the Firebells", is an unincorporated association organized under Revised Code Title 1745, and sui juris pursuant to R.C. 1745.01. The Firebells engaged in fundraising activities for various organizations in the Buckeye Lake area, including the fire department of the Village of Buckeye Lake.

{¶8} At the time this action arose, appellants Richard Leindecker, Jr. and Renee Leindecker were husband and wife. Richard Leindecker was the Fire Chief of the Village of Buckeye Lake, and appellant Renee Leindecker was treasurer of the Firebells.

{¶9} The complaint alleged that on August 17, 2008, the Firebells participated in a concession at the Millersport Lions Club Corn Festival. Two persons each separately counted the proceeds of the first day, and both found a total of $2,300. Appellant Renee Leindecker placed the money in a metal lockbox, and did not make a night deposit of the funds. On the next morning one of the Firebells insisted on re-counting the money, and the lockbox was found to contain only $1760.

{¶10} On September 9, 2008, the President of Firebells ordered a review of the financial records, and found $750 unaccounted for in 2006, and $1,000 in 2007. There were also receipts for items for which there was no legitimate use to the Firebells. The following day, appellee Renee Leindecker was removed as treasurer.

{¶11} Count two of the complaint alleged appellant Richard Leindecker attempted to terminate appellees Trent Colley and Travis Colley from their positions as volunteer firemen without just cause and because of the dispute with the Firebells.

{¶12} The Firebells attached to the complaint a list of personal property it alleged belonged to the Firebells. The complaint alleged the property was in the possession of appellants and appellants had refused to return the items to the Firebells. The list of property in the attachment to the complaint totaled $9,893.34.

{¶13} Appellants filed an answer which admitted there was a shortage of $500 from the proceeds of the first day of the Corn Festival concession. Appellants did not admit removing the money and offered no explanation. Appellant Richard Leindecker denied attempting to terminate Travis and Trent Colley from the fire department. Appellants also included what is captioned a counterclaim, naming appellees Debbie and Jessica Colley as third-party defendants, and alleging the third-party defendants had maliciously and falsely accused appellant Renee Leindecker of stealing money and other wrongful conduct.

{¶14} Thereafter, the Firebells filed a motion for return of specific property as in replevin. Appellants denied they had any property in their possession, and asserted the property listed in the exhibit to the complaint did not belong to the Firebells. The trial

court sustained the motion for replevin and directed the Firebells to remove the property from the Buckeye Lake Fire Department.

**{¶15}** Thereafter, the Firebells filed a motion for summary judgment, attaching an affidavit of Debbie Colley, who was a third party defendant and the President of Firebells at the time. The affidavit mirrored the allegations of the complaint. Colley alleged during appellant Renee Leindecker's term as treasurer $750 "start up" was never accounted for in 2006, and $1,000 in 2007, in addition to the missing $540 from the Corn Festival proceeds, for a total of $2240. The affidavit also reiterated the allegation appellant Richard Leindecker had attempted to terminate or suspend Travis and Trent Colley. Finally, the affidavit denied ever falsely or maliciously accusing appellant Renee Leindecker of stealing or other wrongful conduct.

**{¶16}** Appellants did not reply to the motion for summary judgment.

**{¶17}** In the judgment entry granting summary judgment, the court awarded appellees $2,240 and replevin of the personal property. The court found appellant Richard Leindecker denied any intent to terminate Trent or Travis Colley, and directed him to reinstate them as volunteer fireman. The court dismissed the Leindecker's claims against the third party defendants and found no just cause for delay.

**{¶18}** Civ. R. 56 states in pertinent part:

**{¶19}** (C) "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as

stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**{¶20}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, *Houndshell v. American States Insurance Company* (1981), 67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented, *Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App. 3d 301.

**{¶21}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000-Ohio-186.

**{¶22}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, *Drescher v. Burt* (1996), 75 Ohio St. 3d 280. Once the

moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id.  The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts. Civ. R. 56(E); *Henkle v. Henkle* (1991), 75 Ohio App. 3d 732. If the opposing party does not respond with evidentiary materials, the trial court may enter summary judgment, if appropriate. Id.

**{¶23}** A failure to respond to a motion for summary judgment does not, by itself, warrant that the motion be granted. *Morris v. Ohio Casualty Insurance Co.* (1988), 35 Ohio St.3d 45, 47. Even where the nonmovant completely fails to respond to the summary judgment motion, the trial court's analysis should focus on whether the movant has satisfied its initial burden of showing that reasonable minds could only conclude the case should be decided against the nonmoving party. Only if the moving party has met its burden should the court address whether the nonmovant has met its reciprocal burden of establishing that a genuine issue remains for trial. Id.

I.

**{¶24}** In their first assignment of error, appellants argue the trial court should not have accepted the affidavit the Firebells submitted with their motion for summary judgment as evidence because it was not properly notarized.

**{¶25}** The affidavit is signed by the notary and contains the notary's jurat, a statement the affidavit was sworn to and subscribed in the notary's presence, on the 14th day of April, 2010. It does not bear the notary's seal or identify the place where the affidavit was executed.

**{¶26}** Courts have held affidavits are not necessarily fatally defective because of errors in notarizing them.  In *Stearn v. Board of Elections of Cuyahoga County* (1968) 14 Ohio St.2d 175, 237 N.E. 2d 313, the court found there is substantial compliance and the affidavit is sufficient even though the notary failed to sign the affidavit or imprint his seal on the document.  Affidavits are not defective if the seal of the notary does not strictly conform to statutory requirements.  *City Commission of Gallipolis v. State* (1930), 36 Ohio App. 258, 173 N.E. 6.  Failure of a notary to print her name near her signature is not fatal, nor is failure of the seal to include the name of the notary. The affidavit is in substantial compliance even if the seal cannot be detected on the image of a mortgage available in public records. *In Re: Robinson* (Bkrtcy. S. D. Ohio 03-26-2008), 403 B.R. 497.

**{¶27}** The Colley affidavit appears to substantially comply with the requirements, and appellant did not respond to the motion for summary judgment or otherwise challenge the affidavit to bring the alleged deficiencies of the notary's jurat to attention of the trial court. In *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43 the Supreme Court noted that ordinarily, "errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal".

**{¶28}** The first assignment of error is overruled.

II. & IV

**{¶29}** In their second assignment of error appellants argue the affidavit does not support the trial court's award of damages in the amount $2240 because the affidavit does not have sworn or certified copies of all the papers or portions of the papers

referred to in the affidavit as required by Civ. R. 56(E). In their fourth assignment of error, appellants argue the court committed error to the extent the judgment is in excess of $540 because no sworn or certified copies of the business records were filed as required by Ohio Civ. R. 56.

{¶30} The affidavit says "I then reviewed the records of Treasurer Renee Leindecker and found that in 2006 there was an expense of $750 for "start-up money" which was never accounted for, and in 2007, there was another expense of "start-up money" for $1,000, for which no further accounting was present."

{¶31} We agree with appellants appellees did not attach the records to which the affidavit alludes, and the information in the affidavit is quite vague as to the dates. The affidavit does not state appellant Renee Leindecker converted the money for her own use, and that is only one of the inferences that could be drawn. There could be a honest mistake or omission in the bookkeeping, or mistake or misconduct of other persons. Accordingly, we find the affidavit does not support the court's award of $1,750 on summary judgment.

{¶32} The second and fourth assignments of error are sustained.

III.

{¶33} In his third assignment of error, appellants argue the affidavit set forth the defense of appellant Renee Leindecker and as such, contained a disputed fact. The affidavit stated: "At this point, Jessica Colley insisted on a re-count of the money. The count revealed that only $1,760 was in the box, a loss of $540. At this time Renee Leindecker's daughter stated "Mom, we took it out of the box and counted it twice at home only we had $2,300. Renee said "no we did not. Ashley, be quiet."

{¶34} Appellants' answer admitted the discrepancy but offered no explanation. The quotation ascribed to appellants' daughter in the affidavit is inadmissible hearsay, offered for proof of the statement. Appellants' daughter is not a party to the case, and her statements are not admissions. The court should have disregarded this portion of the affidavit. The balance of the affidavit alleges the money was in a lockbox in appellant Renee Leindecker's possession and for which she had a key. We find the unopposed allegations are sufficient to permit the court to enter summary judgment as to the missing $540.

{¶35}  The third assignment of error is overruled.

V.

{¶36} In their fifth assignment of error, appellants argue to the extent that the judgment was granted against appellant Richard Leindecker no sworn or certified copies of the business records were filed as required by Civ. R. 56.

{¶37} A review of the record indicates the trial court did not grant a money judgment against appellant Richard Leindecker.  The judgment on the allegations against appellant Richard Leindecker pertains to the alleged firing of Trent and Travis Colley, and the judgment merely directs appellant Richard Leindecker to reinstate them. Because appellant denied firing them, we find no error.

{¶38}  The fifth assignment of error is overruled.

**{¶39}** For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

WSG:clw 0330

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BUCKEYE LAKE FIREBELLS, ET AL | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RENEE LEINDECKER AND | : | |
| RICHARD "PETE" LEINDECKER, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-100 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to be split between the parties.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE