[Cite as *FirstMerit Bank, N.A. v. Shaheen*, 2011-Ohio-6146.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FIRSTMERIT BANK, N.A., | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee, | Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| v. | Case No. 2011CA00079 |
| MONA E. SHAHEEN, | |
| Defendant-Appellant, | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of
Common Pleas, Case No. 2009CV02304


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    November 28, 2011


APPEARANCES:


For Plaintiff-Appellee    For Defendant-Appellant


C. SCOTT CASTERLINE, ESQ.    MONA SHAHEEN, PRO SE
24755 Chagrin Blvd., Suite 200    5729 Loma Linda Lane N.E.
Cleveland, Ohio 44122    Canton, Ohio 44721

*Hoffman, P.J.*

{¶ 1} Defendant-appellant Mona Shaheen (hereinafter "Shaheen") appeals the February 24, 2011 Judgment Entry entered by the Stark County Court of Common Pleas granting summary judgment in favor of Plaintiff-appellee FirstMerit Bank, N.A. (hereinafter "FirstMerit Bank").

STATEMENT OF THE CASE[1]

{¶ 2} FirstMerit Bank filed a foreclosure complaint against Shaheen on June 11, 2009, followed by its motion for summary judgment on June 9, 2010.

{¶ 3} Shaheen filed an answer on August 5, 2010, followed by her response to FirstMerit Bank's motion for summary judgment on January 31, 2011. FirstMerit filed a reply to Shaheen's response on February 17, 2011.

{¶ 4} On February 24, 2011, the trial court granted FirstMerit's motion for summary judgment, followed by its decree of foreclosure filed March 16, 2011.

{¶ 5} It is from the trial courts February 24, 2011 Judgment Entry Shaheen prosecutes this appeal assigning as error:

{¶ 6} "I. THE MOTION FOR SUMMARY JUDGMENT WAS GRANTED WITH THE USE OF AN UNTRUSTWORTHY AFFIDAVIT IN VIOLATION OF THE OHIO REVISED CODE AND WITH THE USE OF A NOTARY ON THE AFFIDAVIT WHO HAS AN OBVIOUS PERSONAL INTEREST IN THE COMPLETION OF A JUDGMENT ON THE NOTE UNDER HER MANAGEMENT AT THE BANK."

---

[1] A rendition of the facts is unnecessary for our resolution of this appeal.

**{¶ 7}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212.

**{¶ 8}** Civ. R. 56(C) states, in pertinent part:

**{¶ 9}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor ."

**{¶ 10}** Pursuant to the above-stated rule, a trial court may not grant summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment, on the ground that the non-moving party cannot prove its case, bears the initial burden of informing the trial court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the non-moving party's claim. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the non-moving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in

Civ.R. 56(C) which affirmatively demonstrates the non-moving party has no evidence to support the non-moving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the non-moving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429 citing *Dresher v. Burt* (1966), 75 Ohio St.3d 280.

{¶ 11} FirstMerit Bank asserts the arguments raised by Shaheen in her brief to this Court were not raised in the trial court.  Shaheen candidly admitted she did not raise them in the trial court during her oral argument in this appeal.

{¶ 12} In *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d, 41, 43, the Supreme Court noted that ordinarily "errors which arise during the course of a trial, which are not brought to the attention of the trial court by objection or otherwise, are waived and may not be raised upon appeal."

{¶ 13} Because Shaheen failed to raise the arguments challenging the technical sufficiency of the affidavit of Don Sponseller in the trial court, we find she has waived them for purposes of this appeal.  For a similar result see this Court's Opinion in *Buckeye Lake Fireballs v. Leindecker*, 2011-Ohio-1792.

{¶ 14} Appellant's sole assignment of error is overruled.

The judgment of the trial court is affirmed.

By: Hoffman, P.J.

Farmer, and Edwards, JJ., concur.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FIRSTMERIT BANK, N.A., | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| MONA E. SHAHEEN, | : | |
| | : | |
| Defendant-Appellant. | : | Case No. 2011CA00079 |

For the reason stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS