[Cite as *Baltimore v. Ansel*, 2017-Ohio-7347.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| VILLAGE OF BALTIMORE | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17-CA-16 |
| SARAH K. ANSEL | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Fairfield County
Municipal Court, Case No. CVI 1700141

JUDGMENT:                 Affirmed

DATE OF JUDGMENT ENTRY:     August 24, 2017

APPEARANCES:

For Plaintiff-Appellee

AMBER DUBER
Regional Income Tax Agency
Box 470537
Broadview Heights, OH 44147

For Defendant-Appellant

SARAH K. ANSEL  Pro  Se
351 West Fairview Avenue, 3D
Baltimore, OH 43105

*Gwin, P.J.*

{¶1} Appellant appeals the March 3, 2017 judgment entry of the Fairfield County Municipal Court, Small Claims Division.

*Facts & Procedural History*

{¶2} On January 18, 2017, appellee the Village of Baltimore c/o the Regional Income Tax Agency filed a small claims complaint against appellant Sarah Ansel. The complaint was commenced by Gabe Lancione ("Lancione"), an authorized employee of the Regional Income Tax Agency ("RITA"), the duly authorized income tax administrator for the Village of Baltimore. The face of the complaint contains an affidavit by Lancione attesting to the amount due. The complaint alleges appellant failed to pay municipal income taxes, penalties, and interest to appellee in the amount of $629.22 for tax years 2010 through 2015.

{¶3} A notice and summons issued on January 18, 2017 is addressed to appellant and states appellee asks for judgment against her for $629.22 for municipal income tax years 2010 through 2015. The notice and summons provides, "the court will hold trial upon this claim at 136 W. Main Street, Lancaster, Ohio, 43130 at 2:30 p.m. on Tuesday, the 28th of February, 2017." Further, the notice and summons provides,

> If you do not appear at the trial, the judgment may be entered against you
> by default, and your earnings may be subjected to garnishment or your
> property may be attached to satisfy the judgment. If your defense is
> supported by witnesses, account books, receipts, or other documents, you
> must produce them at the trial. Subpoenas for witnesses, if required by a

party, will be issued by the clerk.  If you admit the claim but desire time to pay, you may make such a request at the trial. * * *

{¶4}    Attached to the complaint is a statement by Allana Lombardo, auditor of accounts at the RITA, certifying a statement that is a true and correct description of the tax records which are maintained by the agency for appellant.  The statement lists the taxes, penalty, interest, payments, and balance due for each year.

{¶5}    Appellant was served with the notice, summons, and complaint via certified mail on January 23, 2017.

{¶6}    The trial court issued a judgment entry on March 3, 2017.  The judgment entry states the matter came before the court on February 28, 2017 for trial upon appellee's complaint.  Further, that Lancione "appeared on behalf of Plaintiff; Defendant failed to appear."  The trial court found, "based upon evidence adduced through sworn testimony and exhibits duly admitted, the court finds that Plaintiff has established the allegations in the complaint by a preponderance of the evidence."  The trial court issued a judgment for appellee in the amount of $629.22 plus interest at the rate of 4% per annum and costs.

{¶7}    Appellant appeals the March 3, 2017 judgment entry of the Fairfield Municipal Court, Small Claims Division, and assigns the following as error:

{¶8}    "I. THE TRIAL COURT ERRED WHEN IT ISSUED DEFAULT JUDGMENT AGAINST SARAH K ANSEL FOR FAILING TO APPEAR, WHEN IN FACT SHE WAS PRESENT, HOWEVER, DID NOT HEAR THE CASE BEING CALLED, THUS VIOLATING HER RIGHT TO A FAIR TRIAL AND DUE PROCESS AS GUARANTEED

BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION.

{¶9} "II. THE TRIAL COURT ERRED WHEN IT VIOLATED MS. ANSEL'S RIGHT TO DUE PROCESS AND REFUSED TO RECALL THE CASE AFTER HER PRESENCE WAS MADE KNOWN TO THE COURT AND AFTER SPEAKING WITH PLAINTIFF'S "REPRESENTATIVE" AND BOTH AGREEING TO A TRIAL COURT PROCEEDING IMMEDIATELY.

{¶10} "III. THE TRIAL COURT ERRED WHEN IT FAILED TO DISMISS THE CASE FOR PLAINTIFF'S FAILURE TO APPEAR AND PROSECUTE THE CLAIM AND INSTEAD ALLOWS PLAINTIFF'S "REPRESENTATIVE", GABE LANCIONE II, TO ACT AND APPEAR ON BEHALF OF THE PLAINTIFF EVEN THOUGH HE IS NOT A LICENSED ATTORNEY OR LEGALLY PERMITTED TO DO SO."

I. & II.

{¶11} Appellant argues in her brief that the trial court erred in issuing a default judgment against her when she appeared at the courthouse, but did not hear her case called.

{¶12} We first note that appellant has failed to file a transcript of the February 28, 2017 small claims trial pursuant to App. R. 9(B) or submit a statement of evidence pursuant to App.R. 9(C). Pursuant to App.R. 9(B), it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion are in the record. When portions of the transcript or statement of proceedings necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass on and thus, as to those assigned errors, this Court has no choice but to

presume the validity of the lower court's proceedings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶13} Though appellant sets forth her version of what occurred on February 28, 2017 in her appellate brief, the facts alleged by appellant are not contained in the trial court record. Further, appellant contends default judgment was granted against her. While the trial court, in its judgment entry, noted that appellant "failed to appear," it does not appear from the trial court's judgment entry that the trial court granted default judgment, as the trial court stated it considered testimony and exhibits and found appellee established the allegations in the complaint by a preponderance of the evidence. Because appellant has failed to provide this Court with the portions of the transcript necessary for resolution of the assigned errors, i.e., the transcript of the February 28, 2017 small claims trial, for this Court to review what occurred during the trial, we must presume the regularity of the proceedings below and affirm, pursuant to the directive in *Knapp.*

{¶14} Appellant contends the trial court erred in granting judgment against her as the summons was not sufficient because it did not list a courtroom number. We disagree. R.C. 1925.05 provides that the notice shall set forth the name of the court and shall read "substantially" as follows, in pertinent part,: "the court will hold trial upon this claim at (here insert where and the room number, as may be necessary) at (here insert the hour) on (here insert the date, including the day of the week)." The notice in this case sets forth the hour of the trial, the date of the trial, including the day of the week, and the address of the Fairfield County Municipal Court, where the trial was to be held. We find this complies with R.C. 1925.05. There is no indication the courtroom number is "necessary"

in this case and appellant cites no authority in support of her argument. There is no dispute that appellant was served with the summons and notice via certified mail on January 23, 2017. As to appellant's factual allegations regarding when she appeared at the courthouse and where she appeared at the courthouse on February 28, 2017, such evidence is not contained in the record before this Court. Thus, we must presume the regularity of the proceeding below pursuant to *Knapp*.

{¶15} Appellant's first and second assignments of error are overruled.

III.

{¶16} Appellant argues the trial court erred when it failed to dismiss appellee's case for failure to prosecute because Lancione was permitted to act and appear on behalf of appellee even though he is not a licensed attorney or legally permitted to do so.

{¶17} We first note that appellant did not make this argument to the trial court. In her appellate brief, appellant states she learned about this issue when preparing to file her appeal. Since she did not make this argument to the trial court, she has waived this argument for purposes of appeal. *FirstMerit Bank, N.A. v. Shaheen*, 5th Dist. Stark No. 2011CA00079, 2011-Ohio-6146; see also *Two-32 Enterprises, Inc. v. Taylor*, 5th Dist. Richland No. 91-CA-2917, 1992 WL 274731 (Sept. 9,1992) (holding the issue of unauthorized practice of law does not make a proceeding prosecuted to judgment void or voidable and finding unauthorized practice of law must be raised by the adverse party or challenged by the court sua sponte at the time of the trial court process).

{¶18} Further, RITA is classified as a "political subdivision" under R.C. 2744.01(F). As a political subdivision, RITA possess the statutory authority pursuant to R.C. 1925.04 and R.C. 1925.02(B)(2)(ii) to permit an authorized non-lawyer employee to commence a

small claims action to recover taxes. Such an authorized non-lawyer employee of a political subdivision who prevails in an action to recover taxes is also permitted to "use any means provided by law to obtain satisfaction of the judgment." R.C. 1925.13. There is no dispute that Lancione is an authorized employee of RITA.

{¶19} Though the Ohio Supreme Court has not directly addressed what a non-lawyer employee of a political subdivision who appears in small claims court is permitted to do, the Supreme Court has addressed the limits of a layperson presenting a claim or defense in small claims court on behalf of a corporation or limited liability company in *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193. The Supreme Court noted that the goal of small claims court is to provide fast and fair adjudication as an alternative to judicial proceedings and "by design, proceedings in small claims courts are informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively" and thus "pro se activity is assumed and encouraged." *Id.* The Supreme Court held that a, "layperson who presents a claim or defense and appears in small claims court on behalf of a limited liability corporation as a company officer does not engage in the unauthorized practice of law, provided that the individual does not engage in cross-examination, argument, or other acts of advocacy." *Id.*

{¶20} Appellant contends Lancione cross-examined witnesses and argued on behalf of appellee at the February 28, 2017 trial. However, it is unclear from the record whether or not Lancione cross-examined witnesses or argued on behalf of appellee. See *Bevington v. Sprang Plumbing & Heating, Inc.*, 5th Dist. Ashland No. 06CV100383, 2007-Ohio-6445. While the judgment entry indicates Lancione appeared on behalf of appellee,

it does not state whether he argued on behalf of appellee, whether he cross-examined witnesses, and/or whether he testified to something more than simply a calculation of the amount of tax due. As is stated above, appellant did not file a transcript of the February 28, 2017 small claims trial. Without the transcript, we cannot tell if Lancione engaged in cross-examination, argument, or other acts of advocacy that would constitute the unauthorized practice of law. Because appellant has failed to provide this Court with the portions of the transcript necessary for resolution of the assigned error to review what occurred during the trial, we must presume the regularity of the proceedings below and affirm, pursuant to the directive in *Knapp.*

{¶21} Appellant's third assignment of error is overruled.

{¶22} Based on the foregoing, appellant's assignments of error are overruled. The March 3, 2017 judgment entry of the Fairfield County Municipal Court, Small Claims Division, is affirmed.

By Gwin, P.J.,

Wise, John J., and

Wise, Earle J., concur