L.A. & D., Inc., Appellant, et al., *v.*
Board of Lake County Commissioners et al., Appellees.

[Cite as L.A. & D. v. Bd. of Commrs. (1981),
67 Ohio St. 2d 384.]

(No. 80-1460—Decided July 29, 1981.)

*Messrs. Byron & Cantor, Mr. Barry M. Byron* and *Mr. Abraham Cantor,* for appellant.

*Mr. John E. Shoop,* prosecuting attorney, and *Mr. Donald J. Ezzone,* for appellees.

*Per Curiam.*

## I.

Appellant's first two propositions of law will be consolidated for discussion, wherein appellant claims the Court of Appeals erred by refusing to grant its motion for leave to amend the notice of appeal to include errors of the trial court in granting appellees' motion for summary judgment.

We find no merit in this assertion.

Appellant argues that, upon the strength of the liberality of amending, the motion for leave to amend its notice of appeal should have been allowed. In effect, appellant asks for an extension of time to amend its notice of appeal from a final judgment, to wit: the summary judgment, approximately two months after the time allowed for appeal. Appellant desires to appeal the granting of a final summary judgment of July 31, 1979, by means of amendment of a notice of appeal filed on October 30, 1979.

App. R. 3 reads, in pertinent part, as follows:

"(C) The notice of appeal***shall designate the judgment, order or part thereof appealed from***."

"(E) The court of appeals within its discretion and upon such terms as are just may allow the amendment of a timely filed notice of appeal."

In the instant cause there were two final appealable orders: (1) the granting of the summary judgment and (2) the denial of the motion for new trial. Appellant is attempting to legitimize an appeal which is clearly beyond the statutorily allowable time for appeal.

The Rules of Appellate Procedure do toll the time for filing a notice of appeal while a motion for a new trial is considered. App. R. 4(A) reads, in pertinent part, as follows:

"The running of the time for filing a notice of appeal is suspended as to all parties by a timely motion filed in the trial court by any party pursuant to the Civil Rules hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of the last of any of the following orders made upon a timely motion under such rules granting or denying a motion***(2) for a new trial under Rule 59.***"

The flaw in appellant's argument is engulfed in the belief that a summary judgment proceeding is a trial and that the logical procedural flow would allow a motion for a new trial after a summary judgment had been rendered.

Civ. R. 56 which governs motions for summary judgment clearly distinguishes between a "trial" and a "motion for summary judgment." For example, Civ. R. 56(A) makes a clear demarcation between "trials" and "motions for summary judgments." In pertinent part, it states that: "If the action has been set for***trial, a motion for summary judgment may be made only with leave of court." Section (D) also provides that if "summary judgment is not rendered upon the whole case*** and a trial is necessary, the court, in deciding the motion, ***shall***ascertain what material facts exist without controversy***."

In *Whitehead* v. *Genl. Tel. Co.* (1969), 20 Ohio St. 2d 108, paragraph one of the syllabus reads as follows:

"A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action upon the same cause of action between the parties or those in privity with them. The prior judgment is *res judicata* as between the parties or their privies.***"

In the instant cause, the summary judgment as granted was a final determination of the rights of the parties and, therefore, ripe for appeal at that time. Yet, no timely appeal was taken from the summary judgment, in accordance with App. R. 4(A), which states that the notice of appeal shall be

filed within 30 days of the date of the entry of judgment or order appealed from.

Case law has also clearly indicated that a summary judgment proceeding is not a trial but rather is a hearing upon a motion. *Morris* v. *First Natl. Bank & Trust Co.* (1968), 15 Ohio St. 2d 184, 185; *Trustees* v. *McClannahan* (1895), 53 Ohio St. 403. Since a summary judgment proceeding is not a trial, a motion for a new trial does not properly lie. See Browne, The Fatal Pause—Summary Judgment and Motion for Reconsideration, 44 Cleve. Bar J. 7. See, also, *Shearson, Hayden & Stone* v. *Steiner* (1979), 66 Ohio App. 2d 10.

The legal conclusion in the instant cause is that the motion for a new trial which questions the granting of a summary judgment is a nullity and not proper. The application of App. R. 4(A) does not take effect, and, therefore, the filing of the motion for a new trial does not toll the time for filing the notice of appeal from the summary judgment.

Since appellant did not timely and directly appeal the summary judgment, which was a final, appealable order, the liberality of amendment will not cure the defect herein. Appellant improperly attempted to amend the appeal from the motion for a new trial to substitute issues adjudicated in the summary judgment, which should have been appealed within 30 days of the final order.

Appellant's first and second propositions of law are overruled.

## II.

Appellant, in its third proposition of law, attempts to discuss errors initially brought fourth in the motion for a new trial. Based upon the foregoing, a discussion of issues raised for the first time in a motion for a new trial after a summary judgment is not proper and, therefore, will not be considered herein.

## III.

Appellant, in its fourth proposition of law, asserts, in essence, that the trial court erred by dismissing the first count of the complaint, since appellees did not move the court for dismissal of count one.

The record reveals that appellees did file a motion to

dismiss styled as a "Motion Supported by Exhibits Alternatively to Dismiss or for Summary Judgment." The dismissal desired by appellees by either a Civ. R. 12(B)(6) or a Civ. R. 56 dismissal went to the entire complaint and made no delineation as to separate counts.

Therefore, the record discloses that the appellant's fourth proposition of law is not factually correct and is thereby overruled.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., STEPHENSON, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for W. BROWN, J.

CLIFFORD F. BROWN, J., concurring. It is my view also that a motion for new trial attacking the granting of a summary judgment is a nullity, and therefore does not toll the time for filing the notice of appeal from the summary judgment. This is consistent with the rationale of our decisions in *Pitts* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 378; *William W. Bond, Jr. and Assoc.* v. *Airway Development Corp.* (1978), 54 Ohio St. 2d 363; and *Kauder* v. *Kauder* (1974), 38 Ohio St. 2d 265. See, generally, 4 Ohio Jurisprudence 3d 406, Appellate Review, Section 203.