JOURNAL ENTRY AND OPINION
{¶ 1} By agreement of the parties, the juvenile division ordered that the child A.I. be placed into a planned permanent living arrangement with the foster parents with whom she had resided for over one year. The child's father then filed a motion for a new trial in which he argued that he did not intend to waive his right to a trial on the custody issue. The court denied the motion and the father appealed, complaining that he did not make a knowing choice to agree to the living arrangement. We do not reach the merits of the appeal because the father's failure to file a timely appeal deprives us of jurisdiction.
 {¶ 2} App.R. 4(A) requires a party to file an appeal within thirty days of a judgment. This time limit is jurisdictional. SeeKaplysh v. Takieddine (1988), 35 Ohio St.3d 170, paragraph one of the syllabus; Ditmars v. Ditmars (1984), 16 Ohio App.3d 174.
 {¶ 3} Although the juvenile division commenced trial on the agency's motion for permanent custody, the parties settled the matter after the testimony of only one witness, with the father agreeing to permit the child to enter a planned permanent living arrangement. The father apparently had second thoughts about the settlement, however, and filed a motion for a new trial. This motion was an obvious nullity since there had been no trial. In a related situation, the Ohio Supreme Court held that a motion for a new trial which questions the granting of a summary judgment is a nullity and not proper: "The application of App.R. 4(A) does not take effect, and, therefore, the filing of the motion for a new trial does not toll the time for filing the notice of appeal from the summary judgment." L.A.D., Inc. v. Bd. of Lake Cty. Commrs. (1981),67 Ohio St.2d 384, 387. The proper method of attacking a settlement agreement entered into during the midst of trial would have been by a Civ.R. 60(B) motion to vacate the settlement agreement. See Grossman v.Hawk Mfg. Co. (Dec. 29, 1992), Franklin App. No. 92AP-1026.
 {¶ 4} With the motion for a new trial being a nullity, the father had to file a notice of appeal within thirty days of signing the settlement agreement. Because he did not do so, we lack jurisdiction to hear this appeal.
Dismissed.
KENNETH A. ROCCO, A.J., CONCURS.
 * JOSEPH J. NAHRA, J., CONCURS WITH SEPARATE CONCURRING OPINION.
* SITTING BY ASSIGNMENT: Judge Joseph J. Nahra, Retired, of the Eighth District Court of Appeals.