OPINION
{¶ 1} Defendants-appellants Jorjana and John Huber appeal, pro se, from an order "Denying Defendants' Requests for a New Trial and Final Adjudication of All Claims." They assign numerous errors preceding the summary judgment rendered against them, which are not germane to this appeal. In one assignment, the Third Assignment of Error, they include a conclusory assertion that the trial court erred in *Page 2 
rendering the order from which this appeal is taken, but they have not pointed to any error in the trial court's decision, and we can find none.
 I {¶ 2} Plaintiff-appellee University Ortho Sports Medicine Center brought this action against Jorjana and John Huber to recover for medical care and services provided to Jorjana Huber. The Hubers filed an answer and counterclaim. There were numerous procedural and discovery disputes during the course of the proceedings.
 {¶ 3} The Center sought and obtained leave to file a motion for summary judgment. Its motion for summary judgment was considered in the first instance by a magistrate to whom the case had been generally referred. The magistrate decided in favor of the Center on both its claim against the Hubers and on their counterclaim against the Center, and recommended judgment in favor of the Center and against the Hubers in the amount of $6,234, together with interest and costs.
 {¶ 4} The Hubers' objections to the magistrate's decision were overruled, and the trial court adopted the decision as its judgment in an order entered on November 13, 2007.
 {¶ 5} The Hubers filed their "Request for a New Trial and Request for Determination that Adjudicates All Claims" on November 30, 2007. These requests were denied in an entry filed December 11, 2007.
 {¶ 6} The Hubers filed their notice of appeal on December 28, 2007. Their notice of appeal recites that it is from "the final appealable entry filed on December 11, 2007 in case 2006 CV 00898." Notably, the Hubers have not appealed from the summary judgment rendered against them; their appeal is from the trial court's order of December *Page 3 
11, 2007, which denied their requests for a new trial and for a "determination that adjudicates all claims."
 II {¶ 7} The Hubers' assignments of error are as follows:
 {¶ 8} "THE TRIAL COURT COMMITTED AN ERROR OF JUDGMENT BY RULING THAT THE PLAINTIFF WAS NOT SUBJECT TO FDCPA REQUIREMENTS AND DISMISSING THE APPELLANTS' COUNTERCLAIMS AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS IN MAGISTRATE MOORMAN'S JUDGMENT ON OCTOBER 9, 2007 AND JUDGE LITTLEJOHN'S ENTRY OVERRULING DEFENDANTS' OBJECTIONS ON NOVEMBER 13, 2007.
 {¶ 9} "THE TRIAL COURT COMMITTED AN ERROR OF JUDGMENT BY RULING THAT THE PLAINTIFF WAS NOT SUBJECT TO OCSPA REQUIREMENTS AND DISMISSING THE APPELLANTS' COUNTERCLAIM AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS IN MAGISTRATE MOORMAN'S JUDGMENT ON OCTOBER 9, 2007 AND JUDGE LITTLEJOHN'S ENTRY OVERRULING APPELLANTS' OBJECTIONS ON NOVEMBER 13, 2007.
 {¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE APPELLANTS' MOTIONS FOR DISCOVERY, JUDICIAL NOTICE, FAILURE TO PROMPTLY SERVE DOCTOR'S CREDIT SERVICE AND STEVEN KATCHMAN OR MAKE THEM A PARTY, DENYING A MOTION FOR CONTINUANCE, DENYING A MOTION FOR A NEW TRIAL AND DENYING A MOTION THAT REQUESTED A CERTIFICATE OF `NO JUST REASON FOR DELAY' WHICH PREVENTED A FAIR TRIAL, AMONG OTHER DENIALS. *Page 4 
 {¶ 11} "THE TRIAL COURT COMMITTED AN ERROR OF JUDGMENT BY ALLOWING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WHEN PERMISSION WAS NOT GIVEN TO FILE THE MOTION FOR SUMMARY JUDGMENT AFTER THE ACTION WAS SET FOR PRETRIAL AND TRIAL AND STATING THAT THE APPELLANTS' OPPOSITION WAS MOOT WITHOUT ALLOWING OPPOSITION AGAINST DMCR 3.10(D)(2).
 {¶ 12} "THE TRIAL COURT COMMITTED AN ERROR OF JUDGMENT BY TAKING JURISDICTION OVER ONE WYOMING STREET, DAYTON 45409 WHEN THE UNITED STATES HAS EXCLUSIVE JURISDICTION."
 {¶ 13} As can be seen, only the third of the above-quoted assignments of error includes any assertion that the trial court erred in entering the December 11, 2007 order from which this appeal is taken. All of the other assignments of error are therefore overruled as moot.
 {¶ 14} In their argument in support of their Third Assignment of Error, the Hubers have pointed to no error in the trial court's decision to overrule their motions for a new trial and for a "determination that adjudicates all claims," and we have found no error.
 {¶ 15} As the trial court correctly noted, a motion for a new trial does not lie from a summary judgment. LA D., Inc. v. Board ofLake County Commissioners (1981), 67 Ohio St.2d 384, at 387,21 Ohio Op.3d 242, at 243.
 {¶ 16} The trial court also correctly determined that Civ. R. 54(B), implicated in the Hubers' Third Assignment of Error, has no application, because in its order of November 13, 2007, adopting the decision of the magistrate, the trial court both dismissed the Hubers' counterclaim and rendered judgment against them on the Center's claim, so that there *Page 5 
were no claims remaining pending for adjudication, a precondition for the application of Civ. R. 54(B).
 {¶ 17} The Hubers' Third Assignment of Error is overruled.
 III {¶ 18} The Hubers' Third Assignment of Error having been overruled, and their other assignments of error having been overruled as moot — having no application to the order from which their appeal is taken — the order from which this appeal is taken is Affirmed.
BROGAN and GRADY, JJ., concur.
Copies mailed to:
Steven C. Katchman
John Jorjana Huber
 Hon. Bill C. Littlejohn *Page 1