[Cite as *Bank of Am., N.A. v. Thompson*, 2015-Ohio-456.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26316 |
| | : | |
| v. | : | Trial Court Case No. 2012-CV-7941 |
| | : | |
| VIVIAN L. THOMPSON, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of February, 2015.

. . . . . . . . . . .

J. BRADLEY LEACH, Atty. Reg. No. 0089592, and GREGORY H. MELICK, Atty. Reg. No. 0065694, Luper, Neidenthal & Logan, LPA, 50 West Broad Street, Suite 1200, Columbus, Ohio 43215-3374
         Attorneys for Plaintiff-Appellee

VIVIAN L. THOMPSON, 180 North Ardmore Avenue, Dayton, Ohio 45417-2204
         Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Vivian Thompson appeals, pro se, from the order

overruling her motions for a new trial and to vacate a judgment of foreclosure rendered

against her in favor of plaintiff-appellee Bank of America. Thompson raises twelve assignments of error, all contending that the court erred in rendering the summary judgment of foreclosure. We affirmed the summary judgment of foreclosure in *Bank of America v. Thompson*, 2d Dist. Montgomery No. 25952, 2014-Ohio-2300. We conclude that Thompson has waived her right to appeal issues that were not properly or timely presented to the trial court, and that she is barred by the doctrine of the law of the case from raising the same issues in this case that were decided in her previous appeal from the foreclosure judgment. Accordingly, the judgment of the trial court is Affirmed.

## I.    The Course of Proceedings

{¶ 2}  In her first appeal, we summarized the facts, as follows:

In 2005, Thompson obtained a home loan from Countrywide Home Loans, Inc. She executed a promissory note to Countrywide for $91,248 and gave a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as Countrywide's nominee. On May 1, 2012, MERS assigned the mortgage to Bank of America.

Thompson defaulted on the note when she failed to make the June 2012 payment, and the following November, the Bank filed a foreclosure action against her. The Bank attached to its complaint, among other documents, a copy of the note, the mortgage, and the assignment of mortgage. Thompson filed a pro se answer captioned, "Answer in Affidavit of Negative Averment." In February 2013, the Bank moved for summary judgment. The trial court entered an order stating that it

would decide the summary-judgment motion on March 11. The order states that no hearing will be held unless a party asks for one and that all summary-judgment memoranda and affidavits must be filed by March 10 unless a party asks for an extension. Neither party asked for a hearing or an extension.

Five days before the filing deadline, Thompson refiled her "Answer in Affidavit of Negative Averment." The same day, Thompson also filed a petition for bankruptcy in bankruptcy court. The bankruptcy case was dismissed on August 1, 2013. Almost a month-and-a-half later, the Bank filed a motion to reactivate the foreclosure proceeding, which the trial court granted. On September 16, 2013, the trial court sustained the Bank's motion for summary judgment and entered judgment on the note and ordered foreclosure if Thompson fails to pay.

*Bank of America v. Thompson*, ¶¶ 2-4.

**{¶ 3}** Prior to her appeal from the summary judgment, Thompson filed a motion for a new trial, based on Civ.R. 59, and a motion to vacate the decree of foreclosure, based on Civ. R. 17, alleging that the judgment is void because Bank of America was not the real party in interest and had no standing to file the action. The court took no action on the post-judgment motions until after the judgment was affirmed on appeal.

**{¶ 4}** In her first appeal, we summarized Thompson's legal contentions as four assignments of error, as follows:

The first contends that the trial court lacked jurisdiction because the Bank lacked standing when it initiated the foreclosure action. The second

contends that summary judgment is improper because genuine issues of material fact remain. The third contends that Thompson did not receive due process because she did not receive reasonable notice of judicial process and was not given a reasonable opportunity to be heard. And the fourth assignment of error contends that the Bank violated Civ.R. 8(E) by failing to state, in the complaint, its true relationship to the note.

*Bank of America v. Thompson*, ¶ 6.

{¶ 5} We overruled all four assignments of error. First, we concluded that the Bank of America did have standing to file the action, based on its possession of the note with a blank indorsement, which it was entitled to enforce. *Id.* at ¶¶ 9-10. Second, we concluded that the Bank presented all of the evidence required to prove that it was entitled to judgment; it was the holder of the note, all conditions precedent were met, and Thompson was in default. *Id.* at ¶ 14. We rejected Thompson's contentions that the bank did not prove she was in default because its affidavit was defective, that MERS had no authority to assign the mortgage, and that the court failed to consider correspondence from the bank that she had not properly authenticated. *Id.* at ¶¶ 17-22. Third, we concluded that Thompson was given sufficient due process when the trial court granted the summary judgment motion approximately six weeks after her bankruptcy case had been dismissed. *Id.* at ¶¶ 24-27. Fourth, we rejected Thompson's claim that the complaint should have stated that the bank was the servicer of the loan, and we found no violation of Civ.R. 8(E), because the complaint did correctly identify the bank as the holder of the note. All assignments of error having been overruled, we affirmed the judgment of foreclosure. *Id.* at ¶ 32.

{¶ 6} After our opinion was issued in her first appeal, Thompson filed a demand for reconsideration. We denied the application for reconsideration on the basis that Thompson did not establish any obvious error in our decision, or raise any issue that we failed to consider in whole or in part. The decision and entry rejecting reconsideration specifically addresses several of the issues that are raised again in the current appeal. We specifically rejected Thompson's claims concluding that the bank was not a foreign state subject to 28 U.S.C. 1608(a), and that the court was not subject to 15 U.S.C. 7003 and did not violate R.C. 1306.22 by using electronic signatures. We further reiterated that the summary judgment was properly based on evidence that the note and mortgage had been transferred to the bank, making it the real party in interest, with standing to obtain a judgment in foreclosure.

{¶ 7} After the judgment of foreclosure was affirmed on appeal, the trial court overruled the post-judgment motions, finding Civ.R. 59 inapplicable to a summary judgment rendered pursuant to Civ.R. 56. The court considered the motion to vacate judgment as a motion filed pursuant to Civ.R. 60, and found that Thompson failed to present a meritorious defense or claim. From the judgment denying her motions, Thompson appeals.

## II.    Standard of Review

{¶ 8} The issues raised in Thompson's twelve assignments of error involve questions of law.  We review questions of law with a de novo standard of review. *Dayspring of Miami Valley v. Shepherd*, 2d Dist. Clark No. 06-CA-113, 2007-Ohio-2589, ¶

30; *Lowry v. Rothstein*, 2d Dist. Montgomery No. 22288, 2008-Ohio-2066, ¶ 11. De novo review requires the reviewing court to determine the legal issues without any deference to the trial court's determination. *Mattice v. Ohio Dept. of Job & Family Servs.*, 2d Dist. Montgomery No. 25718, 2013-Ohio-3941, ¶ 7.

### III.     A Civ.R. 59 Motion for a New Trial
### Does Not Lie from a Summary Judgment

{¶ 9}   In her Second, Ninth and Tenth Assignments of Error, Thompson contends that the court erred by not conducting a jury trial, by granting judgment without requiring the parties to appear in Court, and by violating her right to due process by granting judgment without a hearing. These issues were raised and rejected by the trial court in its denial of Thompson's motion for a new trial pursuant to Civ.R. 59.

{¶ 10}   Civ.R. 59 creates a procedure for a litigant to seek a new trial under specific circumstances.   We have held that a motion for a new trial does not lie from a summary judgment. *Univ. Ortho & Sports Medicine Ctr. v. Huber*, 2d Dist. Montgomery No. 22576, 2009-Ohio-152, ¶ 15, citing *L.A. & D., Inc. v. Board of Lake County Commissioners,* 67 Ohio St.2d 384, 387, 423 N.E.2d 1109 (1981). Therefore, the court correctly concluded that Thompson could not seek a new trial, because the judgment against her was rendered pursuant to a motion for summary judgment, not as a result of a trial. The court was not obligated to set a foreclosure action for trial. *Huntington Natl. Bank v. Thompson*, 2d Dist. Montgomery No. 26265, 2014-Ohio-5168, ¶¶ 16-21.   The court had authority to render judgment without a trial when the Bank presented sufficient evidence to demonstrate that there were no genuine issues of material fact and that it was

entitled to judgment as a matter of law, meeting the requirements of Civ.R. 56. Thompson's only recourse for a reconsideration of the motion for summary judgment was to file a timely appeal. Thompson filed an appeal, and this court concluded that the summary judgment was properly rendered. Therefore, the summary judgment is not subject to a Civ.R. 59 motion for a new trial.

{¶ 11} Accordingly, we conclude that the trial court did not err when it denied Thompson's motion for a new trial. Thompson's Second, Ninth and Tenth Assignments of Error are overruled.


### IV. The Law-of-the-Case Doctrine Prevents the Relitigation of Legal Issues Previously Affirmed on Appeal

{¶ 12} All of the issues raised in the First, Fifth, Sixth, Eleventh and Twelfth Assignments of Error were previously raised and addressed in Thompson's first appeal. In her First Assignment of Error, Thompson alleges that the trial court and the appellate court are foreign corporations pursuant to R.C. 1703.01, and therefore cannot proceed without consent from the U.S. Department of State. Similarly, in her Eleventh Assignment of Error, Thompson alleges that the Plaintiff-appellee, Bank of America is a foreign state or foreign corporation that cannot proceed in litigation without consent of a federal agency. We specifically addressed these allegations in the decision and entry denying Thompson's demand for reconsideration, explaining that the federal regulations cited by Thompson apply only to foreign states. We also rejected these identical issues when raised by Thompson in a separate appeal involving rental property and a different bank, when we found that common pleas courts do have jurisdiction to handle foreclosure

actions, and federally chartered banks are exempt from Chapter 1703 of the Revised Code. *Huntington Natl. Bank v. Thompson*, 2d Dist. Montgomery No. 26265, 2014-Ohio-5168, ¶¶ 9-13.

{¶ 13} In the decision and entry denying the motion for reconsideration in Thompson's first appeal, we also addressed and rejected the same claim Thompson raises as her Sixth Assignment of Error.   We concluded that neither federal law nor state law prohibited the court from using electronic signatures to document approval of final entries. *See also*, *Huntington Natl. Bank v. Thompson*, 2d Dist. Montgomery No. 26265, 2014-Ohio-5168, ¶¶ 54-58.

{¶ 14} In the Fifth Assignment of Error, Thompson alleges that the trial court abused its discretion by granting the summary judgment when there were clear issues of fact, and the Bank was not entitled to judgment as a matter of law. This is the same error raised in her Second Assignment of Error in her first appeal, which we rejected. *Bank of America v. Thompson*, at ¶ 14. We also specifically addressed and rejected the issue Thompson raises in her Twelfth Assignment of Error, by finding that the summary judgment was based on a proper affidavit. *Bank of America v. Thompson*, at ¶ ¶14-15.

{¶ 15} "The law-of-the-case doctrine provides that 'the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' " *Meyer v. Chieffo*, 193 Ohio App.3d 51, 2011-Ohio-1670, 950 N.E.2d 1027, ¶ 27 (10th Dist.), quoting *Nolan v. Nolan,* 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). Our decision in the first appeal created the law of this case that applied when Thompson returned to the trial court and filed post-judgment motions, and when she filed this appeal. In the first appeal,

we considered numerous issues Thompson raised to challenge the summary judgment rendered against her. Thompson has raised the same issues in this appeal, has expanded or reworded some of the same issues, and has raised issues that were previously addressed in our decision and entry denying her motion for reconsideration. Eleven of the twelve assignments of error begin with the phrase, "the Trial Court erred in entering summary judgment that is void *ab initio* because * * *," and in one assignment of error she contends that the court abused its discretion by rendering summary judgment. The propriety of rendering the summary judgment of foreclosure was already litigated in the first appeal, and is not the issue in this appeal. The only issue we may address is whether the court properly dismissed the motion for a new trial and the motion to vacate judgment.

{¶ 16}  In her Third, Seventh and Eighth Assignment of Errors, Thompson alleges that Bank of America lacks standing to pursue the foreclosure action, that Bank of America was not the owner of the note and not the real party in interest. We specifically addressed all of these claims in the first appeal, concluding that Bank of America had standing, and was the holder of the note and mortgage at the time the judgment was rendered.  Therefore, the law-of-the-case doctrine prevents these issues from being re-litigated, and our holding in the first appeal remains the law of the case.

{¶ 17}  Thompson's First, Third, Fifth, Sixth, Seventh, Eighth, Eleventh and Twelfth Assignments of Error are overruled.


### V.      All issues that Should Have Been Raised
### in the Previous Appeal are Waived

**{¶ 18}** The only issue not previously litigated is found in Thompson's Fourth Assignment of Error, which alleges that the court erred by striking several of Thompson's motions and pleadings. However, the trial court docket does not show any entry striking any of Thompson's motions or pleadings, and the order from which this appeal is taken, denying the motion for a new trial and the motion to vacate judgment, does not contain any order to strike any motion or pleading. Thus, we conclude that Thompson's Fourth assignment of error lacks merit.

**{¶ 19}** In a foreclosure action, a homeowner's grounds for challenging a summary judgment decision not raised in the trial court are waived, and may not be raised for the first time on appeal. *FirstMerit Bank, N.A. v. Shaheen*, 5th Dist. Stark No. 2011CA00079, 2011-Ohio-6146, ¶13. The *Shaheen* decision relies on a rule of law established by the Supreme Court of Ohio when it stated, "errors which arise during the course of a trial, which are not brought to the attention of the trial court by objection or otherwise, are waived and may not be raised upon appeal." *Id.* at ¶12, citing *Stores Realty Co. v. Cleveland,* 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975).

**{¶ 20}** Thompson is also prevented from initiating any new action in an attempt to collaterally attack the judgment granted against her on the basis of res judicata. "Res judicata is a doctrine of judicial preclusion. There are two theories on which it operates, claim preclusion (estoppel by judgment) and issue preclusion (collateral estoppel)." *State v. Harris,* 2d Dist. Montgomery No. 24739, 2012-Ohio-1853, ¶ 14, citing *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). "'Both theories of res judicata are used to prevent relitigation of issues already decided by a court, or matters that

should have been brought as part of a previous action.'" *Id.,* quoting *Chagrin Falls v. Geauga Cty. Bd. of Commrs.,* 11th Dist. Geauga No. 2003-G-2530, 2004-Ohio-5310, ¶ 28. "When a final judgment is rendered by a court of competent jurisdiction, claim preclusion 'bars all claims that were litigated in a prior action as well as all claims which might have been litigated in that action.'" *Harris* at ¶ 14, citing *Deaton v. Burney,* 107 Ohio App.3d 407, 410, 669 N.E.2d 1 (2d Dist.1995). "In other words, 'the doctrine of res judicata requires [a party] to present every ground for relief in the first action, or be forever barred from asserting it.'" *Id.,* citing *Grava,* 653 N.E.2d at 229; *Cincinnati Ins. Co. v. Jacob*, 2d Dist. Montgomery No. 25407, 2013-Ohio-2573, ¶ 30.

**{¶ 21}** As we discussed in our opinion in Thompson's previous appeal, she was initially given the opportunity to respond to the Bank's motion for summary judgment and she was provided the opportunity to raise all of these issues she now raises in the present appeal. Her failure to timely present these issues to the trial court constitutes her waiver of the right to raise these issues on appeal.

## VI. Conclusion

**{¶ 22}** All of Thompson's assignments of error having been overruled, the order of the trial court overruling Thompson's motions for a new trial and to vacate judgment is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and HALL, J., concur.

Copies mailed to:

J. Bradley Leach
Gregory H. Melick
Vivian L. Thompson
Jonathan Croft
Michael Sandner
Douglas Trout
Joseph Chapman
Hon. Mary K. Huffman