[Cite as *Bank of New York Mellon v. Maxfield*, 2016-Ohio-71.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON, | : | |
| | | CASE NO. CA2015-06-121 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 1/11/2016 |
| - vs - | : | |
| | : | |
| DAVID Z. MAXFIELD, et al., | : | |
| | | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2014-09-2392

Michael E. Carleton, P.O. Box 165028, Columbus, Ohio 43216, for plaintiff-appellee

Thompson Hine LLP, John B. Kopf, 41 South High Street, Suite 1700, Columbus, Ohio 43215, for plaintiff-appellee

Kendo, Alexander, Cooper & Engel, LLP, Andrew M. Engel, 7925 Paragon Road, Dayton, Ohio 45459, for defendants-appellants, Davis Z. Maxfield and The Big Carrot Company, LLC

R. Michael DeWine, Ohio Attorney General, Zachery P. Keller, 150 East Gay Street, 21st Floor, Columbus, Ohio 43229, for defendant, State of Ohio Department of Taxation

**S. POWELL, J.**

{¶ 1} Defendants-appellants, David Z. Maxfield and The Big Carrot Company, LLC (collectively, Maxfield), appeals from the decision of the Butler County Court of Common Pleas granting default judgment to plaintiff-appellee, The Bank of New York Mellon, f.k.a. The

Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass Through Certificates FHAMS 2006-FA1, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its Capacity as agent for the Trustee under the Pooling and Servicing Agreement (Bank of New York Mellon) in a foreclosure action. For the reasons outlined below, we affirm.[1]

{¶ 2} On September 4, 2014, Bank of New York Mellon filed a complaint in foreclosure against Maxfield in regards to property located at 8 Wooster Place, Oxford, Butler County, Ohio. Thereafter, in accordance with R.C. 2703.141(A), service by publication was completed to Maxfield on March 27, 2015. However, after receiving no response, Bank of New York Mellon filed a motion for default judgment against Maxfield on May 1, 2015. A general notice of appearance for Maxfield was then filed on May 19, 2015, with a notice of substitution of counsel filed three days later on May 22, 2015. Maxfield, however, never filed any response to Bank of New York Mellon's complaint in foreclosure or to its motion for default judgment. Therefore, finding Maxfield failed to file any response to Bank of New York Mellon's claims even after being served by publication, the trial court granted default judgment to Bank of New York Mellon on May 28, 2015.

{¶ 3} Maxfield now appeals from the trial court's decision granting default judgment to Bank of New York Mellon, raising one assignment of error for review.

{¶ 4} THE TRIAL COURT ERRED IN GRANTING DEFAULT JUDGMENT BASED ON SERVICE BY PUBLICATION PURSUANT TO R.C. 2703.141.

{¶ 5} In his single assignment of error, Maxfield argues the trial court erred by granting default judgment to Bank of New York Mellon because R.C. 2703.141(A), which allows for service by publication in foreclosure cases for three consecutive weeks instead of

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar.

the six successive weeks as provided by Civil Rule 4.4., is unconstitutional under both the United States and Ohio Constitutions. Maxfield, however, never raised this argument before the trial court. In fact, besides his trial counsel filing a general notice of appearance and notice of substitution of counsel, Maxfield never filed any response to either Bank of New York's complaint in foreclosure or motion for default judgment.

{¶ 6} It is well-settled that the "'[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.'" *Hamilton v. Ebbing*, 12th Dist. Butler No. CA2008-06-135, 2009-Ohio-3674, ¶ 73, quoting *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. Therefore, since Maxfield failed to file any response to Bank of New York Mellon's claim, let alone a response that challenged the constitutionality of R.C. 2703.141(A), we find that issue is waived and we decline to address it for the first time here. *See Lay v. Chamberlain*, 12th Dist. Madison No. CA99-11-030, 2000 WL 1819060, *10 (Dec. 11, 2000) (appellants waived their argument regarding a statute's constitutionality by failing to raise that issue before the trial court). "It is axiomatic that failure to raise a constitutional issue in the trial court constitutes a waiver of that issue[.]" *McGuinness v. Hooper*, 2d Dist. Montgomery No. 16551, 1998 WL 46688, *6 (Feb. 6, 1998). Accordingly, Maxfield's single assignment of error is overruled.

{¶ 7} Judgment affirmed.

PIPER, P.J., and RINGLAND, J., concur.