[Cite as *Wells Fargo Bank, N.A. v. Herman*, 2018-Ohio-3700.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27854 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-3086 |
| | : | |
| MYRA V. HERMAN, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of September, 2018.

. . . . . . . . . .

JAMES W. SANDY, Atty. Reg. No. 0084246 and STEFANIE L. DEKA, Atty. Reg. No. 0089248, 3401 Tuttle Road, Suite 200, Cleveland Ohio 44122
        Attorneys for Plaintiff-Appellee

THOMAS W. KENDO, JR., Atty. Reg. No. 0058548 and GABRIELLE R. NEAL, Atty. Reg. No. 0092770, 7925 Paragon Road, Dayton, Ohio 45459
        Attorneys for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Myra V. Herman appeals from the Montgomery County Common Pleas Court's entry of default judgment against her and her unnamed heirs in a mortgage foreclosure action brought by Wells Fargo Bank, N.A., as predecessor to Nationstar Mortgage LLC d/b/a Champion Mortgage of Ohio ("Nationstar").[1] The judgment of the trial court will be affirmed.

### *Factual Background and Procedural History*

{¶ 2} On December 17, 2010, Herman entered into a "Closed-End Fixed Rate Home Equity Conversion Loan Agreement," commonly referred to as a "Reverse Mortgage Agreement," with Wells Fargo Bank, N.A. ("Wells Fargo"). On the same date, Herman executed a "Closed-End Fixed Rate Note" ("Note") for advances up to $938,250 to be made by Wells Fargo, secured by a "Closed-End Fixed Rate Home Equity Conversion Mortgage" ("Reverse Mortgage") on Herman's home.

{¶ 3} The terms of the Note provide that Wells Fargo "may require immediate payment" of any amounts it advanced if Herman dies, if the mortgaged property ceases to be her principal residence "for reasons other than death," or if she "fails to physically occupy" the mortgaged property for more than 12 months "because of physical or mental illness." The latter two triggering events, however, would require approval by an authorized representative of the Secretary of Housing and Urban Development ("HUD") before the loan was accelerated. The Reverse Mortgage document contains the same terms. But in any event, the Reverse Mortgage grants Herman the right to reinstate the

---

[1] Nationstar was the Plaintiff for which the trial court entered judgment and appears as the Appellee before this Court.

mortgage "even after foreclosure proceedings are instituted" by "correct[ing] the condition" that triggered the loan acceleration.

{¶ 4} On June 30, 2017, Wells Fargo filed a complaint in the Montgomery County Common Pleas Court against Herman and her "unknown" spouse,[2] alleging that "[e]vents have occurred which meet the grounds for acceleration" of Herman's debt under the Note, and seeking to foreclose on the mortgaged property.[3] Wells Fargo directed that all parties be served by certified mail, with service on Herman to be sent to the office of attorney David R. Schmidt and service on Herman's unknown spouse to be sent to Herman's residence address. At the same time, Wells Fargo directed that the sheriff also serve Herman (through Schmidt) and Herman's spouse at Herman's residence address.

{¶ 5} Neither attempt at service by the sheriff was successful. One return of service from the sheriff's office indicates that Schmidt refused to accept service on Herman's behalf because he "doesn't represent" her, and the other states "no spouse of Myra Herman." The latter also includes a notation reading "vacant??" as to Herman's residence address. The receipt for certified mail service on Herman's spouse was returned marked "unclaimed," and no return was received as to the certified mail addressed to Schmidt.

{¶ 6} Wells Fargo then requested that service be reissued on Herman, both by personal process server at her residence address and again by certified mail. Again, neither attempt succeeded. The return by the process server states that "[p]roperty appears to be vacant." The receipt for the certified letter addressed to Herman's residence

---

[2] Other parties with a possible interest in the subject real estate also were named as defendants but are not parties on appeal.

[3] The complaint does not specify the nature of those triggering "events."

address was returned marked "unclaimed."

{¶ 7} In response to a notice from the trial court that the matter was subject to dismissal for failure to prosecute, Wells Fargo moved to add as parties Herman's "Unknown Heirs, Devisees, Legatees, Executors, Administrators, Spouses and Assigns," etc., asserting that "Myra V. Herman cannot be presumed to be living." Counsel for Wells Fargo also filed an affidavit for service by publication as to Herman, her spouse, and the parties to be added. The trial court granted both requests by entries dated September 26, 2017. Thereafter, a legal notice advising Herman, her unknown spouse, and the added parties of the pending foreclosure action was published for three consecutive weeks in the Dayton Daily News. That notice further advised that the defendants would be "required to answer with twenty-eight (28) days after the last publication," which occurred on October 23, 2017.

{¶ 8} On October 10, 2017, Nationstar moved to be substituted as the plaintiff in the foreclosure action, having acquired Herman's Note and Reverse Mortgage by assignment from Wells Fargo. The trial court granted that motion the following day.

{¶ 9} With no answer having been filed on behalf of Herman, her unknown spouse, or any of the added parties, Nationstar moved on December 8, 2017 for an entry of default judgment against Herman, her unknown spouse, and "The Unknown Heirs, Devisees, Legatees, Executors, Administrators, Spouses and Assigns and the Unknown Guardians of Minor and/or Incompetent Heirs of Myra V. Herman." The trial court entered judgment accordingly on December 9, 2017, authorizing Nationstar to foreclose on and sell the subject real property in order to recover $714,643.14 then owing on advances made to Herman under the Note.

**{¶ 10}** On December 18, 2017, Herman filed a pro se request for additional time to respond to the foreclosure complaint. Because final judgment already had been entered, however, the trial court denied that request.

**{¶ 11}** Herman appeals from the December 9, 2017 judgment, setting forth three assignments of error:

1. The trial court erred in finding service perfected on Appellant by publication was sufficient.

2. The trial court erred granting judgment against the newly added defendants.

3. The trial court erred in granting summary judgment [sic].[4]

**{¶ 12}** Herman's first assignment of error raises a challenge to the constitutionality of R.C. 2703.141, which provides that service by publication in mortgage foreclosure actions requires publication "for three consecutive weeks" instead of the six weeks ordinarily required under Civ.R. 4.4. It is a well-established principle, however, that "courts should decide constitutional questions only when necessary." *State v. Vaduva*, 2016-Ohio-3362, 66 N.E.3d 212, ¶ 43 (2d Dist.), citing *State v. White,* 142 Ohio St.3d 277, 2015-Ohio-492, 29 N.E.3d 939, ¶ 28. "The Supreme Court of Ohio has consistently held that 'when a case can be decided on other than a constitutional basis, we are bound to do so.' " *Id.*, quoting *State v. Swidas,* 133 Ohio St.3d 460, 2012-Ohio-4638, 979 N.E.2d 254, ¶ 14. With that admonition in mind, we will defer considering Herman's first

---

[4] Neither Wells Fargo nor Nationstar moved for, nor did the trial court grant, "summary judgment" pursuant to Civ.R. 56. In the "issue presented for review" under this assignment of error, however, Herman clarifies her argument as focusing on "[w]hether the failure to plead facts sufficient to state a claim bars the grant of *default* judgment." (Emphasis added.)

assignment of error until her other bases for appeal have been addressed.

### *Failure to Amend Complaint to Include Newly Added Parties*

{¶ 13} In her second assignment of error, Herman argues that the trial court erred by entering default judgment against "The Unknown Heirs, Devisees, Legatees, Executors, Administrators, Spouses and Assigns and the Unknown Guardians of Minor and/or Incompetent Heirs of Myra V. Herman" in light of Wells Fargo's (or Nationstar's) failure to file or serve an amended complaint in accordance with Civ.R. 15(D). The record confirms that although the trial court granted Wells Fargo permission to add those parties as defendants, the complaint was not amended to reflect that addition, and the new parties were served solely via publication.

{¶ 14} Nevertheless, any omission in that regard does not create valid grounds for Herman to challenge the trial court's final judgment. Nationstar questions whether Herman has standing to pursue an appeal on behalf of the added parties. More compelling for our purposes, however, is the fact that the subject parties apparently have no current legal interest in the matter at hand, given that they were added due solely to Wells Fargo's impression that Herman "cannot be presumed to be living."

{¶ 15} Herman's pursuit of this appeal demonstrates that she is not deceased, meaning that no notice to her "Unknown Heirs, Devisees, Legatees, Executors, Administrators, Spouses and Assigns," etc., was required in order for Nationstar to foreclose on the mortgage it held on Herman's real property. A defect in service of process on parties who have no valid interest in the subject matter of the action is irrelevant. *See Dismier v. White*, 68 N.E.2d 382 (2d Dist.1944). Wells Fargo's failure to amend the foreclosure complaint in order to add superfluous third parties or to serve those parties in

accordance with Civ.R. 15(D) would not give rise to a basis for Herman to avoid the consequences of the final judgment of foreclosure. Her second assignment of error is overruled.

### Failure to Obtain Approval of HUD Secretary

{¶ 16} Herman's third assignment of error contends that Wells Fargo was not entitled to accelerate her loan because the complaint does not allege that Wells Fargo first "received approval from HUD" as required by the terms of the Note and Reverse Mortgage. She suggests that in the absence of such an allegation, "the face of the complaint" failed to "state a claim upon which relief can be granted," meaning that the trial court erred by entering judgment against her.

{¶ 17} The basic legal principle underlying Herman's argument is sound. "[W]hen a plaintiff fails to state a claim, a court cannot grant default judgment with regard to that alleged claim." *Huntington Natl. Bank v. R Kids Count Learning Ctr., LLC*, 2017-Ohio-7837, 97 N.E.3d 1228, ¶ 15 (10th Dist.), quoting *Lopez v. Quezada*, 10th Dist. Franklin No. 13AP-389, 2014-Ohio-367, ¶17. Wells Fargo's complaint, however, sets forth a facially viable foreclosure claim. Although the complaint does not reference HUD approval specifically, it does allege that "[P]laintiff has complied with all conditions precedent" to foreclosure. By failing to file a timely response to that complaint in accordance with Civ.R. 12(A)(1) or (B), Herman is deemed to have admitted the complaint's allegation that "all conditions precedent" were satisfied. *See R Kids Count Learning Ctr.* at 14 ("liability is admitted or confessed by the failure to answer").

{¶ 18} We further conclude that Herman could not have mounted a successful defense based on the alleged lack of HUD approval. In a case involving identical language

in a reverse mortgage and note, another mortgagor raised as an affirmative defense Nationstar's failure "to notify and seek permission from [the] HUD Secretary * * * before accelerating the loan." *Nationstar Mortgage, LLC v. Parish*, 7th Dist. Mahoning No. 14 MA 0176, 2016-Ohio-6975, ¶ 4. There, the Seventh District determined that notice to the HUD Secretary of intent to accelerate a note "is a condition precedent to acceleration and foreclosure." *Id.* at ¶ 23. The "unique factual circumstance" before that Court, however, was that HUD had "filed an answer to the foreclosure complaint and disclaimed an interest in" the real property at issue. *Id.* Given HUD's disclaimer, the Court found that Nationstar's "failure to notify and seek permission from the [HUD] Secretary had no affect [sic] on any right" of the foreclosure defendant "and so, was unnecessary." *Id.* The Court thus overruled the mortgagor's assignment of error. *Id.*

{¶ 19} Although the matter before us is distinguishable in that Herman appeals from an entry of default judgment rather than summary judgment as in *Parish*, the *Parish* decision nonetheless is instructive as to this case. Regardless of whether the approval of the HUD Secretary is a condition precedent or the lack of such approval is an affirmative defense,[5] Herman's failure to file either an answer to the complaint or a motion to dismiss pursuant to Civ.R. 12(B)(6) means that she "waived that issue by neither pleading non-compliance with a condition precedent * * * nor raising non-compliance as an affirmative defense." *See Wells Fargo Bank, N.A. v. Goebel*, 2014-Ohio-472, 6 N.E.2d 1220, ¶ 17 (2d Dist.), citing *U.S. Bank Natl. Assn. v. Stanze*, 2d Dist. Montgomery No. 25554, 2013-Ohio-2474, ¶ 12.

{¶ 20} While Herman presumably would argue that the lack of adequate service

---

[5] We need not rule on this question in order to resolve the matter currently before us.

denied her an opportunity to present the HUD approval argument to the trial court, the avenue of Civ.R. 60(B) relief remained available to her in the court below. *See Ohio Dev. Co. v. Ellis*, 2d Dist. Montgomery No. 10340, 1987 WL 18831, *4 (Oct. 22, 1987) (arguments not presented to the trial court prior to entry of judgment are "waived on appeal," but "might be raised by way of a Rule 60(B) motion in the trial court"); *In re Mullenax*, 108 Ohio App.3d 271, 275, 670 N.E.2d 551 (9th Dist.1996) (finding appellant's failure to "move[ ] the trial court for relief from judgment pursuant to Civ.R. 60(B) * * * result[ed] in waiver of the argument on appeal").

**{¶ 21}** Moreover, we find that Herman's HUD approval argument lacks substantive merit, given that the "unique circumstance" of *Parish* also exists in this case. On August 15, 2017, the United States filed a "disclaimer" in the trial court, stating that HUD "does not have an interest * * * in the subject property." Like the Seventh District, we find that such express disclaimer makes it "difficult to see how Appellee's failure to notify and seek permission from the Secretary affected [Appellant's] substantial rights." *Parish* at ¶ 23. Herman's third assignment of error therefore is overruled.

### *Constitutional Challenge to Service by Publication*

**{¶ 22}** In her remaining assignment of error, Herman challenges the validity of service of process by publication in the foreclosure action against her. Specifically, Herman argues that R.C. 2703.141's shortened time frame for service by publication in mortgage foreclosure actions violates the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions, as well as other provisions of the Ohio Constitution.

**{¶ 23}** The civil rule governing service by publication states in pertinent part as

follows:

> * * * [I]f the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence.
>
> Upon the filing of the affidavit, the clerk shall cause service of notice to be made by publication in a newspaper of general circulation in the county in which the complaint is filed. * * * The publication shall be published at least once a week for six successive weeks *unless publication for a lesser number of weeks is specifically provided by law*. Service shall be complete at the date of the last publication.

(Emphasis added.) Civ.R. 4.4(A)(1).

{¶ 24} The Revised Code specifically provides for a lesser number of weeks as to mortgage foreclosure actions:

> If service by publication is necessary in an action to foreclose a mortgage or to enforce a lien or other encumbrance or charge on real property, the party seeking service by publication shall cause the publication to be made once a week *for three consecutive weeks instead of as provided by Civil Rule 4.4.*

(Emphasis added.) R.C. 2703.141.

i. Waiver

**{¶ 25}** In *Bank of New York Mellon v. Maxfield*, 12th Dist. Butler No. CA2015-06-121, 2016-Ohio-71, ¶ 5, another defaulting mortgagor raised the same due process argument now posited by Herman. There, the appellate court observed that Maxfield "never raised this argument before the trial court." *Id.* For that reason, the Twelfth District found that the mortgagor had waived the constitutional argument, and his assignment of error on that basis was overruled. *Id.* at ¶ 6; *see also Bank of Am., N.A. v. Thompson*, 2d Dist. Montgomery 26316, 2015-Ohio-456, ¶ 19 (homeowner's grounds for challenging summary judgment in foreclosure action "are waived, and may not be raised for the first time on appeal," since not raised in the trial court).

**{¶ 26}** Nationstar urges that the same result is warranted in this case. Herman, however, contends that her argument was not waived because the lack of proper service denied her the opportunity to call the constitutional issue to the attention of the trial court. We disagree.

**{¶ 27}** "[A] question of personal jurisdiction may not be raised for the first time on appeal." *Nationstar Mtge., LLC v. Williams*, 5th Dist. Delaware No. 14 CAE 04 0029, 2014-Ohio-4553, ¶ 30. Instead, "[a] party may challenge the entry of default judgment against them [sic] by filing either a Rule 60(B) motion for relief from judgment or a motion to vacate the judgment on the grounds that it is void ab initio for lack of personal jurisdiction." *Id.* Failure to do either precludes that party from introducing on appeal a claim based on insufficiency of service. *Id.*; *see also Ellis*, 2d Dist. Montgomery No. 10340, 1987 WL 18831 at *4; *In re Mullenax*, 108 Ohio App.3d at 275, 670 N.E.2d 551.

{¶ 28} While the situation in this case is distinguishable from those in *Maxfield* and *Thompson, supra*, in that Herman did not appear in the trial court before judgment was entered against her, Herman did present to the trial court a motion seeking to file a belated answer to the complaint. Although the trial court denied that motion because final judgment already had been entered, nothing precludes Herman from filing a Civ.R. 60(B) motion, advancing the alleged lack of valid service as a basis for relief from judgment. Herman's first assignment of error is overruled.

*ii. Merits*

{¶ 29} Even were we to reach the merits of Herman's constitutional claim, however, that challenge would not be well taken. Herman argues that "three weeks [notice via publication] is inadequate as matter of law" to satisfy due process and that the "disparate treatment of foreclosure defendants" that results from requiring only three rather than six weeks to perfect service by publication in foreclosure actions denies them equal protection. Neither argument is persuasive.

{¶ 30} Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 330 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The "interest of the State" must be balanced against "the individual interest sought to be protected." *Id.* "[W]hether a particular method of notice is reasonable depends on the particular circumstances." *Tulsa Professional Collection Servs., Inc. v. Pope*, 485 U.S. 478, 484, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), citing *Mullane*.

{¶ 31} In a foreclosure action brought due to tax delinquency, we previously held that service by publication for three weeks in accordance with the applicable statute[6] "was performed in a manner reasonably calculated to apprise [the defendant] of the action and to afford him an opportunity to respond." *Rice v. Kyte*, 2nd Dist. Montgomery No. 24607, 2012-Ohio-841, ¶ 14. We see no reason to conclude otherwise as to the instant foreclosure action. Because service by publication for three consecutive weeks comports with the requirements of due process in the circumstances of this case, Herman's due process argument lacks substantive merit.

{¶ 32} Additionally, we conclude that Herman's equal protection argument implicates neither a "suspect class" nor a "fundamental constitutional right" that would require heightened scrutiny of the State's enactment of R.C. 2703.141. *See State v. Melms*, 2018-Ohio-1947, 101 N.E.3d 7647, ¶ 29 (2d Dist.), quoting *State v. Williams*, 88 Ohio St.3d 513, 530, 728 N.E.2d 342 (2000) ("higher level of scrutiny" required "only where the challenged statute involves a suspect class or a fundamental constitutional right"). "[T]he only classifications recognized as 'suspect' are those involving race, alienage, and ancestry." *Id.* at ¶ 30, quoting *Williams* at 530. Mortgage foreclosure defendants do not qualify as a "suspect class."

{¶ 33} Similarly, while "[t]he right of property is considered a fundamental right," no fundamental right is implicated when a *private* entity takes property through a mortgage foreclosure action. *See U.S. Bank, NA v. Stewart*, 2d Dist. Montgomery No. 21775, 2007-

---

[6] There the applicable statute was R.C. 323.25, which like R.C. 2703.141 provides that service by publication "for three consecutive weeks" is adequate as to the particular type of action therein addressed.

Ohio-5669, ¶ 79-81. Because the foreclosure sought by Wells Fargo and then Nationstar did not constitute State action, no fundamental right is at issue in this case.

{¶ 34} Accordingly, Herman's equal protection argument would be subject to a "rational basis" standard of review, to determine 1) whether "a valid state interest" exists, and 2) "whether the method or means by which the state has chosen to advance that interest is rational." *See Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray*, 127 Ohio St.3d 104, 2010-Ohio-4908, 936 N.E.2d 944, ¶ 7. Both questions would be answered in the affirmative in this case.

{¶ 35} The Ohio legislature enacted R.C. 2703.141 in 2008, amidst what this and other Courts have acknowledged was a "foreclosure crisis." *See, e.g., Wells Fargo Bank, N.A. v. Young*, 2d Dist. Darke No. 2009 CA 12, 2011-Ohio-122, ¶ 34; *U.S. Bank Natl. Assn. v. Spicer*, 3d Dist. Marion No. 9-11-01, 2011-Ohio-3128, ¶ 17; *Wells Fargo Bank, N.A. v. Smith*, 4th Dist. Gallia No. 13CA6, 2014-Ohio-1802, ¶ 5; *State v. Kellogg*, 2013-Ohio-4702, 1 N.E.3d 457, ¶ 10 (8th Dist.); *Home S. & L. Co. v. Eichenberger*, 10th Dist. Franklin No. 12AP-1, 2012-Ohio-5662, ¶ 26; *U.S. Bank Nat. Assn. v. Morales*, 11th Dist. Portage No. 2009-P-0012, 2009-Ohio-5635, ¶ 23. Under those circumstances, the State had both a valid interest in streamlining the mortgage foreclosure process and a rational basis for advancing that interest by reducing the number of weeks required for service by publication in mortgage foreclosure actions. Herman's equal protection argument therefore would not be well taken.

### Conclusion

{¶ 36} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.


Copies sent to:

James W. Sandy
Stefanie L. Deka
Thomas W. Kendo, Jr.
Gabrielle R. Neal
Michele Phipps-Montgomery County Treasurer's Office
Kevin Koller-United States District Court-Southern District of Ohio-Western Division
Hon. Erik R. Blaine