[Cite as *State v. Scott*, 2026-Ohio-1855.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
LICKING COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 00092 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Licking County Court of Common Pleas, Case No. 2012 CR 00244 |
| ANTHONY A. SCOTT, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: May 20, 2026 |

**BEFORE:** William B. Hoffman; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** JENNY WELLS, Licking County Prosecuting Attorney by KENNETH W. OSWALT, for Plaintiff-Appellee; ANTHONY J. RICHARDSON, III, for Defendant-Appellant.

*Montgomery, J.*

**STATEMENT OF THE FACTS AND THE CASE**

{¶1} Defendant-Appellant, Anthony Scott ("Appellant"), was indicted on possession of cocaine, attempted murder, felonious assault, trafficking in cocaine with a juvenile specification and possession of drug paraphernalia in case number 2012 CR 00244 in the Licking County Court of Common Pleas on May 4, 2012. On May 18, 2012, Appellant was indicted on one count of having weapons while under disability in case

number 2012 CR 00280. The trial court ordered that the indictments in two cases be consolidated.

{¶2} Appellant entered pleas of guilty to the above stated charges in 2013 and the trial court found him guilty. The trial court ordered Appellant to pay "[t]he $10,000.00 minimum mandatory fine on Count No. 1, otherwise I'll not impose any other fines. I'll impose court costs, other costs of prosecution." *4/30/13 Trial Transcript*, p. 25. The trial court journalized its decision in its Judgment Entry filed on April 30, 2013.

{¶3} Appellant has filed two previous cases with the Court of Appeals. Appellant appealed the trial court's 4/30/13 Judgment Entry in 2015. This Court overruled each of Appellant's assignments of errors and affirmed the decision of the trial court. *State v. Scott*, 2015-Ohio-456 (5th Dist.)

{¶4} Appellant then filed a motion for post-conviction relief that was denied by the trial court. Appellant appealed the trial court's decision and this Court overruled his sole assignment of error in case numbers 2015 CA 00081 and 2015 CA 00082.

{¶5} Twelve years after the trial court imposed its sentence that included an order to pay a fine, court costs and fees, Appellant sent a letter to the trial court on September 26, 2025, requesting a waiver of those court costs and fees. Appellant attached an Affidavit of Indigency to his letter. The trial court treated Appellant's letter as a motion and held an oral hearing on November 14, 2025.

{¶6} The trial court issued a decision following the oral hearing on Appellant's motion. The trial court found that Appellant was unable to pay the previously imposed mandatory fines and court-appointed attorney fees and waived the same. The trial court did not waive court costs and ordered Appellant to pay all costs of prosecution and court costs. *11/14/2025 Judgment Entry*.

**{¶7}** Appellant has timely appealed the trial court's judgment entry and asserts two assignments of error.

**{¶8}** "I. THE TRIAL COURT'S DECISION TO NOT WAIVE OR SUSPEND COURT COSTS WAS ARBITRARY."

**{¶9}** "II. THE TRIAL COURT FAILED TO PROVIDE APPELLANT WITH DUE PROCESS."

## STANDARD OF REVIEW

**{¶10}** A decision to impose court costs is within a trial court's sound discretion. *State v. Braden*, 2019-Ohio-4204, ¶30. The abuse of discretion standard is more than an error of law or judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, (1983).

## ANALYSIS

**{¶11}** Appellant argues in his first assignment of error that the trial court's judgment entry and order denying appellant's request to waive or suspend appellant's court costs was arbitrary and not based on the record. *Appellant Brief*, p. 6.

**{¶12}** The payment of court costs is governed by R.C. 2947.23 which states:

(A)(1)(a) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs.

**{¶13}** Pursuant to R.C. 2947.23(C):

The court retains jurisdiction to waive, suspend, or modify the payment of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter.

**{¶14}** Appellant argues in his first assignment of error that the trial court's judgment entry and order denying appellant's request to waive or suspend appellant's court costs was arbitrary and not based on the record. *Appellant Brief*, p. 6.

**{¶15}** Appellant argues that the trial court's decision was arbitrary because he was denied his opportunity to be heard at the oral hearing held on November 14, 2025. *Appellant Brief*, p. 7.

**{¶16}** During the oral hearing on Appellant's motion, the trial court inquired of the prosecutor regarding Appellant's request to waive fees and costs. Appellant attempted to speak prior to the prosecutor's response and the court instructed him, "So I'm not asking you anything, so be quiet. Thank you." *11/14/25 Transcript*, p. 3. The prosecutor then made a statement on the record. Following the prosecutor's statement, the court informed Appellant of its decision regarding Appellant's request to waive fees and costs. The trial judge then inquired of Appellant, "Do you have any questions about that today?" *Id.*, p. 4. Appellant responded, "No, sir." *Id.*

**{¶17}** Contrary to Appellant's argument, the record reflects that the trial court afforded Appellant the opportunity to speak at his hearing.

**{¶18}** Appellant has failed to demonstrate that the trial court abused its discretion and acted arbitrarily in denying his request to waive or suspend court costs. The trial court considered the affidavits that were submitted with Appellant's motion and waived mandatory fines and court appointed counsel fees. The trial court's decision not to waive court costs was within its sound discretion. Therefore, we overrule Appellant's first assignment of error.

**{¶19}** Appellant argues in his second assignment of error that the trial court failed to provide him with due process by denying him an opportunity to be heard and submit evidence. *Appellant Brief*, p. 10.

**{¶20}** The Due Process Clause of the Fifth Amendment to the United States Constitution, as applicable to the states through the Fourteenth Amendment, provides: "No person shall * * * be deprived of life, liberty, or property, without due process of law."

**{¶21}** Appellant argues that since the trial court hushed him when he attempted to speak in response to a question directed at the prosecutor, he was denied his right to due process. *Appellant Brief*, p. 11.

**{¶22}** As previously stated, the trial court allowed Appellant the opportunity to be heard at the oral hearing held on November 14, 2025. The trial court specifically addressed Appellant at which time Appellant could have chosen to ask questions and submit evidence, but chose not to do so.

**{¶23}** Appellant's due process rights were not violated and his second assignment of error is overruled.

## CONCLUSION

{¶24} For the reasons stated in our accompanying Opinion, the judgment of the Licking County Court of Common Pleas is Affirmed.

{¶25} Costs to Appellant.

By: Montgomery, J.

Hoffman, P.J. and

Popham, J. concur.